UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK       15 CV 03815

---------------------------------------x
KAREN WEGMAN,

        Plaintiff,

        -against-

YOUNG ADULT INSTITUTE, INC., and
TRUSTEES OF THE SUPPLEMENTAL
PENSION PLAN FOR CERTAIN
MANAGEMENT EMPLOYEES OF YOUNG
ADULT INSTITUTE,

        Defendants.
---------------------------------------x

COMPLAINT

Case No.: 15-cv-03815 (KPF)

JURY TRIAL DEMANDED



RECEIVED
MAY 18 2015
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff KAREN WEGMAN, by and through her attorneys, ZABELL & ASSOCIATES, P.C., complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff, KAREN WEGMAN brings this action to recover monetary, declaratory, and affirmative relief on account of violations by Defendants, YOUNG ADULT INSTITUTE, INC and TRUSTEES OF THE SUPPLEMENTAL PENSION PLAN FOR CERTAIN MANAGEMENT EMPLOYEES OF YOUNG ADULT INSTITUTE., of the following: Title VII of the Civil Rights Act of 1964 (*hereinafter* "Title VII"), as codified, Subchapter VI, Chapter 21, Title 42 of the United States Code; New York State Human Rights Law (*hereinafter* "NYSHRL"), Article 15 of the Executive Law (chapter 18) of the State of New York; Title 8 of the New York City Administrative Code Chapter 1 (*hereinafter* "NYCHRL"); Employee Retirement Income Security Act (*hereinafter* "ERISA"), Chapter 18, Title 29 of the United States Code; and other appropriate statutes, regulations, rules, and ordinances.

1

## II. JURISDICTION AND VENUE

2. Pursuant to Title 28 of the United States Code Section 1331, the above-captioned Court maintains jurisdiction over the claims set forth hereto, *to wit*, claims for relief predicated upon the Title VII and ERISA arise under federal law.

3. Pursuant to Title 29 of the United States Code Section 1132 (e)(2), the above-captioned Court maintains jurisdiction over the claims set forth hereto, *to wit*, ERISA claims may be brought "where the plan is administered, where the breach took place, or where a defendant resides or may be found...," which in this instance is the County of New York, State of New York.

4. Pursuant to Title 28 of the United States Code Section 1367, the above-captioned Court maintains jurisdiction over the claims set forth hereto, *to wit*, claims arising under the NYSHRL and NYCHRL, along with all claims arising under other appropriate statutes, regulations, rules, and ordinances.

5. The above-captioned Court has the power to declare the rights and other legal relations, along with other necessary or proper relief based upon a declaratory judgment or decree, whether or not further relief is or could be sought, which shall have the force and effect of a final judgment.

6. Pursuant to Title 28 of the United States Code Section 1391, the claims set forth hereto are properly brought in the United States District Court for the Southern District of New York, *to wit*, a substantial part of the events or omissions giving rise to the claim set forth hereto occurred in the above-captioned judicial district.

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commissions (*hereinafter* "EEOC"), *to wit*, on or about October 13, 2014.

8. The EEOC charge number was: 520-2015-00195.

9. Plaintiff brings the above-captioned actions for the claims set forth, within ninety (90) days of recieving a Notice of Right to Sue, issued by the EEOC on March 27, 2015. A true and accurate copy of the Notice of Right to Sue is attached hereto as <u>Exhibit A</u>.

### III. PARTIES

10. Plaintiff KAREN WEGMAN (*hereinafter* "Plaintiff") resides in New York County, New York.

11. Plaintiff is a female.

12. Plaintiff is a member of a protected class.

13. Defendant YOUNG ADULT INSTITUTE, INC. (*hereinafter* "Defendant" or "YAI") is a domestic not-for-profit corporation incorporated in the State of New York.

14. Upon information and belief, YAI's principal place of business is located at 460 West 34 Street, New York, New York, 10001-2382.

15. YAI provides health and human services to individuals with intellectual and developmental disabilities.

16. TRUSTEES OF THE SUPPLEMENTAL PENSION PLAN FOR CERTAIN MANAGEMENT EMPLOYEES OF YOUNG ADULT INSTITUTE (*hereinafter* "Defendant" or "YAI-SPP") are the administrators of the "Supplemental Pension Plan for Certain Management Employees of Young Adult Institute Trust."

17. At all times relevant herein, Plaintiff has been a "person" within the meaning of Section 2000e (a), Subchapter VI, Chapter 21, Title 42 of the United State Code.

18. At all times relevant herein, Plaintiff has been an "employee" within the meaning of Section 2000e (f), Subchapter VI, Chapter 21, Title 42 of the United State Code.

3

19. At all times relevant herein, Defendant YAI has been an "employer" within the meaning of Section 2000e (b), Subchapter VI, Chapter 21, Title 42 of the United State Code.

20. Plaintiff is a "person" as the term is defined by Section 292 (1) of the Executive Law (chapter 18) of the State of New York.

21. Defendant YAI is an "employer" as the term is defined by Section 292 (5) the Executive Law (chapter 18) of the State of New York.

22. Plaintiff is a "person" as the term is defined by Section 8-102 (1) of the New York City Administrative Code.

23. YAI is an "employer" as the term is defined by Section 8-102 (5) of the New York City Administrative Code.

24. YAI employs more than four (4) persons as the terms are defined by Sections 8-102 (1) and (5) of the New York City Administrative Code.

25. Defendants maintain an "employee benefit plan" as the term is defined by Section 1002 (3), Chapter 18, Title 29 of the United State Code.

26. Plaintiff is an "employee" as the term is defined by Section 1002 (6), Chapter 18, Title 29 of the United State Code.

27. Plaintiff is an "participant" as the term is defined by Section 1002 (6), Chapter 18, Title 29 of the United State Code in the Defendants' "employee pension benefit plan."

28. Defendant YAI is an "employer" as the term is defined by Section 1002 (5), Chapter 18, Title 29 of the United State Code.

29. Defendants are an "administrator" as the term is defined by Section 1002 (16)(A), Chapter 18, Title 29 of the United State Code.

## IV. FACTUAL ALLEGATIONS

30. On or about December 15, 1986, YAI hired Plaintiff to work as an Assistant Controller.

31. During her employment with YAI, Plaintiff served as an Assistant Controller, Controller, Chief Financial Officer, and Chief Business Officer.

32. On or about June 30, 2014, when Plaintiff resigned her position of employment with YAI, she had the title of Chief Business Officer.

33. During her employment with Defendant YAI, Plaintiff was a management level employee.

34. On or about the July 1, 1985, YAI created the "Supplemental Pension Plan for Certain Management Employees of Young Adult Institute Trust" (*hereinafter* the "Trust Plan").

35. The following persons were trustees of the Trust (constitute Defendant YAI-SPP):

    a. Marcella Fava;

    b. Thomas-Robert Ames;

    c. Paul Levitz;

    d. Jerome Blaine; and

    e. Reuben Michlin.

36. Under the Trust Plan, YAI maintains a deferred compensation benefits plan governed by ERISA.

37. The purpose of the Trust Plan was for "funding all or a portion of the deferred compensation benefits available under the Plan to participants."

38. Article X of the Trust Plan defines "participants" as "an employee who satisfied the eligibility requirements" under the Trust Plan.

5

39. Pursuant to Article X of the Trust Plan, the eligibility requirements are that: "[e]ach Management Employee who shall complete [fifteen] 15 years of service with the Institute and whose compensation is not fully considered in the computation of Federal Social Security benefits, shall be eligible to participate in the Plan. Entry into the Plan as a Plan Participant shall be on the July 1 coincident with or next following the employee's compliance with the Eligibility Requirements."

40. Under provisions of the Trust, the only express prerequisites to plan participation relate to an employee's years of employment with YAI.

41. The Trust Plan sets fifteen (15) years as the lower limit for participant eligibility.

42. Under Article X, Subsection II of the Trust Plan, the benefit schedule sets forth the percentage of entitlement to each participant based upon the participant's years of service.

43. Pursuant to the terms of the Trust Plan, the minimum threshold for benefits are set at fifteen (15) years of service.

44. On or about December 18, 2008, after Plaintiff vested within the Trust Plan, Defendants amended the Trust Plan, the net effect of which excluded female eligibility.

45. The 2008 amendments to Article X, Subsection I.2 provide in relevant part, "[e]ffective July 1, 2008, the Plan's sole Participants shall be Joel M. Levy, Phillip H. Levy, Stephen Freeman and Thomas Dern. The benefit being provided in respect of Joseph Rut shall be governed by the version of the Plan in existence on his date of death."

46. Joel M. Levy, Phillip H. Levy, Stephen Freeman and Thomas Dern are all male.

47. Plaintiff was a participant in the "Supplemental Pension Plan for Certain Management Employees of Young Adult Institute Trust."

48. On or around December 2001, Plaintiff satisfied the eligibility requirements to participate in the Trust Plan.

49. On or around December 2001, Plaintiff became a participant in the Trust Plan pursuant to its terms, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

50. Joel Levy, the Executive Director for Respondent YAI, personally advised Plaintiff that she was entitled to participate in the Trust Plan.

51. Despite this fact, pursuant Trust Plan's express language, participation is not contingent on approval from the Board of Directors of Defendant YAI.

52. In 2007, after Plaintiff had already vested in the compensation benefits plan, Defendants amended the Trust Plan to the exclude female eligibility.

53. Following the cessation of her employment, Plaintiff requested and was denied benefits under the Trust Plan to which she was entitled and which, by virtue of the express language of the plan, was due and owing.

54. Upon information and belief, YAI's male employees, similarly situated both in position and responsibility to Plaintiff, participated in the Trust Plan and were afforded benefits.

55. Notwithstanding her participation in the Trust Plan, Defendants applied the discriminatory criteria, to avoid remitting Plaintiff her entitled benefits and to deny her remuneration that similarly situated males received.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
[Title VII- Sex Discrimination]

56. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

57. Plaintiff belongs to a protected class, namely, female.

58. Defendant YAI created and maintained the Trust Plan for "[e]ach Management Employee who shall complete 15 years of service" with Defendant YAI.

59. The Trust Plan sets fifteen (15) years as the lower limit for participant eligibility.

60. Under Article X, Subsection II of the Trust Plan, the benefit schedule set forth the percentage of entitlement to each participant as based upon the participant's years of service.

61. Pursuant to the terms of the Trust Plan, the minimum threshold for benefits are set at fifteen (15) years of service.

62. On or around December 2001, Plaintiff satisfied the eligibility requirements to be a participant in the Trust.

63. On or around December 2001, Plaintiff became a participant in the Trust pursuant to the terms of the Trust, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

64. In 2007, after Plaintiff was already vested in the compensation benefits plan, Defendants amended the Trust Plan to the exclude female eligibility.

65. Following the cessation of her employment, Plaintiff requested and was denied benefits under the plan to which she was entitled and which by virtue of the express language of the plan were due and owing.

8

66. Upon information and belief, YAI's male employees, similarly situates in position and responsibility to Plaintiff, were participants in the Trust and were afforded benefits.

67. Notwithstanding her participation in the plan, Defendants applied the discriminatory criteria, to avoid remitting Plaintiff her entitled benefits.

## SECOND CLAIM FOR RELIEF
### [NYSHRL - Gender Discrimination]

68. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

69. Plaintiff belongs to a protected class, namely, female.

70. Defendant YAI created and maintained the Trust Plan for "[e]ach Management Employee who shall complete 15 years of service" with Defendant YAI.

71. The Trust Plan sets fifteen (15) years as the lower limit for participant eligibility.

72. Under Article X, Subsection II of the Trust Plan, the benefit schedule set forth the percentage of entitlement to each participant as based upon the participant's years of service.

73. Pursuant to the terms of the Trust Plan, the minimum threshold for benefits are set at fifteen (15) years of service.

74. On or around December 2001, Plaintiff satisfied the eligibility requirements to be a participant in the Trust.

75. On or around December 2001, Plaintiff became a participant in the Trust pursuant to the terms of the Trust, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

76. In 2007, after Plaintiff was already vested in the compensation benefits plan, Defendants amended the Trust Plan to the exclude female eligibility.

9

77. Following the cessation of her employment, Plaintiff requested and was denied benefits under the plan to which she was entitled and which by virtue of the express language of the plan were due and owing.

78. Upon information and belief, YAI's male employees, similarly situates in position and responsibility to Plaintiff, were participants in the Trust and were afforded benefits.

79. Notwithstanding her participation in the plan, Defendants applied the discriminatory criteria, to avoid remitting Plaintiff her entitled benefits.

### THIRD CLAIM FOR RELIEF
### [NYCHRL- Gender Discrimination]

80. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

81. Plaintiff belongs to a protected class, namely, female.

82. Defendant YAI created and maintained the Trust Plan for "[e]ach Management Employee who shall complete 15 years of service" with Defendant YAI.

83. The Trust Plan sets fifteen (15) years as the lower limit for participant eligibility.

84. Under Article X, Subsection II of the Trust Plan, the benefit schedule set forth the percentage of entitlement to each participant as based upon the participant's years of service.

85. Pursuant to the terms of the Trust Plan, the minimum threshold for benefits are set at fifteen (15) years of service.

86. On or around December 2001, Plaintiff satisfied the eligibility requirements to be a participant in the Trust.

87. On or around December 2001, Plaintiff became a participant in the Trust pursuant to the terms of the Trust, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

88. In 2007, after Plaintiff was already vested in the compensation benefits plan, Defendants amended the Trust Plan to the exclude female eligibility.

89. Following the cessation of her employment, Plaintiff requested and was denied benefits under the plan to which she was entitled and which by virtue of the express language of the plan were due and owing.

90. Upon information and belief, YAI's male employees, similarly situates in position and responsibility to Plaintiff, were participants in the Trust and were afforded benefits.

91. Notwithstanding her participation in the plan, Defendants applied the discriminatory criteria, to avoid remitting Plaintiff her entitled benefits.

## FOURTH CLAIM FOR RELIEF
## [ERISA- 29 U.S.C. § 1132 (a)(1)(B)]

92. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

93. The Trust Plan is governed by ERISA and is an "employee benefit plan" as the term is defined as a Section 1002 (3), Chapter 18, Title 29 of the United State Code.

94. Plaintiff was a "participant" in the Trust Plan, as the term is defined by Section 1002 (6), Chapter 18, Title 29 of the United State Code in the Defendants' "employee benefit plan."

95. On or around December 2001, Plaintiff satisfied the eligibility requirements to be a participant in the Trust Plan.

96. On or around December 2001, Plaintiff became a participant in the Trust Plan pursuant to its terms, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

97. Plaintiff is entitled to benefits under Article X, Subsection II of the Trust Plan, which set forth the benefit schedule for the percentage of entitlement to each participant based upon the participant's years of service.

98. After the cessation of her employment, Plaintiff properly requested and was wrongfully denied benefits under the Trust Plan to which she was entitled and which by virtue of the express language of the plan were due and owing.

99. Plaintiff exhausted any and all applicable administrative procedures under the Trust Plan's administrative appeals process.

## FIFTH CLAIM FOR RELIEF
## [ERISA- 29 U.S.C. § 1132 (a)(3)(B)]

100. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

101. The Trust Plan is governed by ERISA and is "employee benefit plan" as the term is defined as a Section 1002 (3), Chapter 18, Title 29 of the United State Code.

102. Plaintiff was a "participant" in the Trust Plan, as the term is defined by Section 1002 (6), Chapter 18, Title 29 of the United State Code in the Defendants' "employee pension benefit plan."

103. Article X of the Trust Plan defines "participants" as "an employee who satisfied the eligibility requirements" under the Trust Plan.

104. The Trust Plan sets fifteen (15) years as the lower limit for participant eligibility.

105. The Trust Plan promises that "Management Employee who shall complete 15 years of service with" Defendant YAI would be eligible for participation in the Trust Plan.

106. On or around December 2001, Plaintiff satisfied the eligibility requirements to be a participant in the Trust Plan.

107. On or around December 2001, Plaintiff became a participant in the Trust Plan pursuant to its terms, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

108. Plaintiff is entitled to benefits under Article X, Subsection II of the Trust Plan, which set forth the benefit schedule for the percentage of entitlement to each participant based upon the participant's years of service.

109. Joel Levy, the Executive Director for Defendant YAI, personally advised Plaintiff that she was entitled to participate in the Trust Plan.

110. Plaintiff relied upon Mr. Levy's material representations concerning her participation in the Trust Plan.

111. Plaintiff was injured by relying upon Defendants' and Mr. Levy's promises, namely, she was denied the timely remission of benefit under the plan that are due and owing to her.

112. Equity requires, and this Court is empowered, to compel Defendant to enforce the terms of the Trust Plan, for which the only explicit prerequisites to participation relate to an employee's years of employment with YAI.

113. Following the cessation of her employment, Plaintiff requested and was denied benefits under the Trust Plan to which, she was entitled, and which, by virtue of the express language of the plan, were due and owing.

### SIXTH CLAIM FOR RELIEF
### [ERISA - 29 U.S.C. § 1140]

114. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

115. Plaintiff is a female.

116. Plaintiff is a member of a protected class.

117. On or around December 2001, Plaintiff satisfied the eligibility requirements to be a participant in the Trust Plan.

118. On or around December 2001, Plaintiff became a participant in the Trust Plan pursuant to its terms, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

119. In 2007, after Plaintiff was already vested in the compensation benefits plan, Defendants amended the compensation benefits plan to exclude female eligibility.

120. Following the cessation of her employment, Plaintiff requested and was denied benefits under the Trust Plan to which, she was entitled, and which, by virtue of the express language of the plan, were due and owing.

121. Defendants amended the Trust Plan, and retroactively applied its discriminatory criteria, to interfere with benefits that had already accrued and were due and owing to Plaintiff under the Trust Plan.

122. Defendants discriminated against Plaintiff on basis of her sex to interfere with, and deny paying, benefits that were due and owing to her under the Trust Plan.

### SEVENTH CLAIM FOR RELIEF
### [ERISA – Promissory Estoppel]

123. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

124. Joel Levy, the Executive Director for Defendant YAI, personally advised Plaintiff that she was entitled to participate in the Trust Plan.

125. Article X of the Trust Plan defines "participants" as "an employee who satisfied the eligibility requirements" under the Trust Plan.

126. The Trust Plan sets fifteen (15) years as the lower limit for participant eligibility.

14

127. The Trust Plan promises that "Management Employee who shall complete 15 years of service with" Defendant YAI would be eligible for participation in the Trust Plan.

128. Plaintiff reasonably relied upon Mr. Levy's material representations concerning her participation in the Trust Plan.

129. Plaintiff was injured by relying upon Defendants' and Mr. Levy's promises, namely, she was denied the timely remission of benefits under the Trust Plan that are due and owing to her.

130. It would be an in injustice to deny Plaintiff benefits that were explicitly promised to her by the Executive Director for Respondent YAI and were explicitly set forth in the Trust Plan.

131. It would be an injustice to deny Plaintiff benefits due and owing to her by virtue of Defendant YAI engaging in discrimination on the basis of gender/sex.

132. Extraordinary circumstances require that the terms of the Trust Plan, including benefits promised, and due and owing to Plaintiff, be enforced, to circumscribe Defendants' ability to avoid adhering to the terms of the Trust Plan.

133. Extraordinary circumstances require that the terms of the Trust Plan, including benefits promised, and due and owing to Plaintiff, be enforced to circumscribe Defendants' discrimination on the basis of gender/sex.

## EIGHTH CLAIM FOR RELIEF
### [Conversion]

134. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

135. Plaintiff has an immediate superior right of possession to benefits accrued to her under the Trust Plan.

15

136. Under Article X, Subsection II of the Trust Plan, the benefit schedule set forth the percentage of entitlement to each participant based upon the participant's years of service with Defendant YAI.

137. On or around December 2001, Plaintiff became a participant in the Trust pursuant to the terms of the Trust, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

138. Defendants exercised unauthorized dominion over benefits due and owing to Plaintiff which are predicated upon her participation in the Trust Plan.

139. Defendants exercised unauthorized dominion, to the exclusion of Plaintiff's rights, over benefits arising and accrued to Plaintiff from the Trust Plan, when they refused, following Plaintiff's cessation of employment, to remit such benefits that are and remain due and owing to her under the Trust Plan.

### NINTH CLAIM FOR RELIEF
### [Unjust Enrichment]
### [Plead in the Alternative]

140. Plaintiff repeats and incorporates by reference the foregoing paragraphs.

141. Defendants were enriched by retaining funds, otherwise belonging to Plaintiff, which are due and owing under the terms of the Trust Plan.

142. Defendants unlawfully benefited at Plaintiff's expense, from their refusal to remit funds due and owing Plaintiff under the Trust Plan.

143. It is against equity and good conscience to permit Defendants' to retain Plaintiff's benefits accrued under the Trust Plan, which are due and owing.

## VI. DEMAND FOR JURY TRIAL

144. Plaintiff repeats and incorporates by reference the paragraphs above as if the same were set forth at length herein.

16

145. Pursuant to Fed. R. Civ. P. 38 (b), Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

146. WHEREFORE, upon the forgoing facts, Plaintiff prays for the following relief:

   a. in connection to the first (1) through third (3) claim for relief, awarding Plaintiff the value of benefits she is entitled under the Trust Plan;

   b. in connection to the fourth (4) through ninth (9) claim for relief, awarding Plaintiff the value of benefits she is entitled to under he Trust Plan;

   c. enjoining Defendants, its agents, employees, officer, and successors in interest, for engaging in unlawful and discriminatory conduct identified herein;

   d. awarding punitive damages where allowed by statute;

   e. directing Defendants to pay Plaintiff pre and post judgment interest to the extent permitted by statute;

   f. awarding Plaintiff costs and disbursements of this actions, including reasonable attorneys' fees; and

   g. granting to Plaintiff such other and further relief the court deems just and proper.

Dated: Bohemia, New York
May 15, 2015

ZABELL & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: _____
SAUL D. ZABELL, ESQ.
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel. (631) 589-7242
Fax (631) 563-7475
szabell@laborlawsny.com