UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

KAREN WEGMAN,                                    :
                                                 :    **Case No.: 15-cv-03815 (KPF)**
                         Plaintiff,              :
                                                 :
         -against-                               :
                                                 :
YOUNG ADULT INSTITUTE, INC., and                 :
TRUSTEES OF THE SUPPLEMENTAL                     :
PENSION PLAN FOR CERTAIN                         :
MANAGEMENT EMPLOYEES OF YOUNG                    :
ADULT INSTITUTE,                                 :
                                                 :
                         Defendants.             :

--------------------------------------------------------------x

# MEMORANDUM OF LAW
# SUBMITTED IN OPPOSITION TO
# DEFENDANTS' MOTION TO DISMISS

SAUL D. ZABELL, ESQ.
Zabell & Associates, P.C.
*Attorneys for Plaintiff*
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.:   (631) 589-7242
Fax.:   (631) 563-7475
szabell@laborlawsny.com

September 11, 2015

# TABLE OF CONTENTS

Table of Authorities ............................................................................... ii

Preliminary Statement ........................................................................... 1

Statement of Relevant Facts .................................................................. 1

Argument
    Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ................... 2

    Plaintiff's Claims of Sex/Gender Discrimination Arising Under Title
    VII, NYSHRL, NYCHRL are Both Timely and Adequately Pled .................... 4

    Plaintiff's Statutory and Equitably Claims
    Arising Under ERISA are Adequately Pled .................................................. 12

    Plaintiff sufficiently avers common law
    claims of conversion and unjust enrichment .............................................. 20

Conclusion ............................................................................................... 22

# TABLE OF AUTHORITIES

U.S. SUPREME COURT CASES:

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................... 2

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................... passim

*St. Mary's Honor Center v. Hicks,*
    509 U.S. 502 (1993) ............................................................... 9

U.S. COURT OF APPEALS CASES:

*Brown v. Daikin Am. Inc.,*
    756 F.3d 219 (2d Cir. 2014) ............................................... 3

*Chin v. Port Auth. of New York & New Jersey,*
    685 F.3d 135 (2d Cir. 2012) ............................................... 5

*Corona Realty Holding, LLC v. Town of N. Hempstead,*
    382 Fed App'x 70 (2d Cir. 2010) ...................................... 5

*Davis v. Bombardier Transp. Holdings (USA) Inc.,*
    794 F.3d 266 (2d Cir. 2015) ............................................... 12

*Devlin v. Empire Blue Cross and Blue Shield*
    274 F.3d 76 (2d Cir. 2001) ................................................ 16, 18

*E.E.O.C. v. Port Auth. of New York and New Jersey,*
    768 F.3d 247 (2d Cir. 2014) ............................................... 8

*Fitzgerald v. Henderson,*
    251 F.3d 345 (2d Cir. 2001) ............................................... 5

*Gorokhovsky v. New York City Hous. Auth.,*
    552 Fed App'x 100 (2d Cir. 2014) .................................... 10

*Guerrero v. FJC Sec. Servs.,*
    423 Fed. App'x. 14 (2d Cir. 2011) .................................... 14

*Harris v. City of New York,*
    186 F.3d 243 (2d Cir. 1999) ............................................... 5

*Hogan v. Fischer,*
    738 F.3d 509 (2d Cir. 2013) ............................................................ 4

*Holcomb v. Iona Coll.,*
    521 F. 3d 130 (2d Cir. 2008) ............................................................ 9

*Ladouceur v. Credit Lyonnais,*
    159 Fed App'x 302 (2d Cir. 2005) ............................................... 19

*Leak v. CIGNA Healthcare,*
    423 Fed App'x 53 (2d Cir. 2011) ................................................ 18

*Lee v. Burkhart,*
    991 F. 2d 1004 (2d Cir. 1993) ..................................................... 18

*Littlejohn v. City of New York,*
    795 F. 3d 297 (2d Cir. 2015) ........................................................ 9

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,*
    715 F.3d 102 (2d Cir. 2013) ................................................... 10, 11

*Nakahata v. New York-Presbyt. Healthcare Sys., Inc.,*
    723 F.3d 192 (2d Cir. 2013) .......................................................... 3

*Nielsen v. AECOM Tech. Corp.,*
    762 F.3d 214 (2d Cir. 2014) .......................................................... 3

*Rochow v. Life Ins. Co. of N. Am.,*
    780 F.3d 364 (6th Cir 2015) ........................................................ 16

*Russell v. County of Nassau,*
    696 F. Supp. 2d 213 (E.D.N.Y. 2010) ......................................... 7

*Salamon v. Our Lady of Victory Hosp.,*
    514 F.3d 217 (2d Cir. 2008) .......................................................... 8

*Schuler v. Pricewaterhouse Coopers, LLP,*
    595 F.3d 370 (D.C. Cir. 2010) ..................................................... 7

*Stratte-McClure v. Morgan Stanley,*
    776 F.3d 94 (2d Cir. 2015) ........................................................... 2

*Todd v. Exxon Corp.,*
    275 F.3d 191 (2d Cir. 2001) .......................................................... 3

*Villager Pond, Inc. v. Town of Darien,*
    56 F.3d 375 (2d Cir. 1995)
    .................................................................... 3

*Weinreb v. Hosp. For Joint Diseases Orthopaedic Inst.,*
    404 F.3d 167 (2d Cir. 2005)
    .................................................... 18

FEDERAL DISTRICT COURT CASES:

*Andrews v. Realogy Corp. Severance Pay Plan for Officers,*
    13-cv-8210 (RA), 2015 WL 736117 (S.D.N.Y. Feb. 20, 2015) ................ 14

*Arnold v. Storz,*
    00-CV-4485 (CBA), 2005 WL 2436207 (E.D.N.Y. 2005) ...................... 18

*Bivens v. Inst. for Community Living, Inc.,*
    14-cv-7173 (PAE), 2015 WL 1782290 (S.D.N.Y. Apr. 17, 2015) ........... 8

*Blessing v J.P. Morgan Chase & Co.,*
    394 F. Supp 2d 569 (S.D.N.Y. 2005) ................................... 17

*Bohnet v. Val. Stream Union Free School Dist. 13,*
    30 F. Supp. 3d 174 (E.D.N.Y. 2014) ................................ 4

*Buckley v. New York,*
    959 F. Supp. 2d 282 (E.D.N.Y. 2013) ............................ 3

*Buckvar v. City of New York,*
    98-cv-3106 (RWS), 2000 WL 274195 (S.D.N.Y. 2000) ................. 6

*Callahan v. Unisource Worldwide, Inc.,*
    451 F. Supp. 2d 428 (D. Conn. 2006) ................................ 19

*Campione v. Campione,*
    942 F. Supp. 2d 279 (E.D.N.Y. 2013) ............................ 21

*Carter v. Verizon,*
    13-cv-7579 (KPF), 2015 WL 247344 (S.D.N.Y. Jan. 20, 2015) ........... 9

*Clarke v. United States,*
    13-cv-3080 (WFK) (MDG), 2015 WL 3539548 (E.D.N.Y. June 4, 2015) ... 13

*DeAngelis v. Corzine,*
    17 F. Supp. 3d 270 (S.D.N.Y. 2014) ................................ 20

*Diamond v. Local 807 Labor-Mgt. Pension Fund,*
    12-cv-5559 (RRM) (VVP), 2014 WL 527898, (E.D.N.Y. 2014) ............... 17

*Dillon v. Metro. Life Ins. Co.,*
    832 F. Supp. 2d 355, 362 (S.D.N.Y. 2011) .............................................. 14, 18

*Elbit Sys., Ltd. v. Credit Suisse Group,*
    917 F. Supp. 2d 217 (S.D.N.Y. 2013) ............................................ 21

*Elsevier, Inc. v. Grossman,*
    12-cv-5121 (KPF), 2015 WL 72604 (S.D.N.Y. Jan. 5, 2015) .................... 3

*Fanelli v. New York,*
    51 F. Supp 3d 219 (E.D.N.Y. 2014) ............................................. 5

*Fed. Ins. Co. v. CAC of NY, Inc.,*
    14-cv-4132 (DRH) (SIL), 2015 WL 1198603 (E.D.N.Y. Feb. 5, 2015) ..... 21

*Gelin v. City of New York,*
    10-cv-5592 (CBA) (VVP), 2013 WL 2298979 (E.D.N.Y. 2013) ............... 11

*Gerardi v. Huntington Union Free School Dist.,*
    13-cv-4377 (ADS) (AKT), 2015 WL 5062451 (E.D.N.Y. Aug. 25, 2015) . 5

*Germain v. M & T Bank Corp.,*
    13-cv-7273 (KMK), 2015 WL 3825198 (S.D.N.Y. June 19, 2015) ............ 3

*Gerstle v. Natl. Credit Adjusters, LLC,*
    76 F. Supp. 3d 503 (S.D.N.Y. Jan. 6, 2015) ................................... passim

*Grant v. Cont. Cas. Co.,*
    13-cv-5675 (AT), 2015 WL 1499724 (S.D.N.Y. Mar. 30, 2015) ............... 11

*Guobadia v. Irowa,*
    12–cv–4042 (ADS) (ARL), 2015 WL 2129640 (E.D.N.Y. May 7, 2015) ... 20

*Guo v. IBM 401(k) Plus Plan,*
    13-cv-8223 (KMK), 2015 WL 1379788 (S.D.N.Y. Mar. 26, 2015) ............. 3

*In re Initial Pub. Offering Sec. Litig.,*
    383 F.Supp.2d 566 (S.D.N.Y.2005) ............................................. 4

*Johnson v. Levy,*
    812 F. Supp. 2d 167 (E.D.N.Y. 2011) ......................................... 3

*Kaplan v. S.A.C. Capital Advisors, L.P.,*
    40 F. Supp. 3d 332 (S.D.N.Y. 2014) ............................................................ 4

*Kreinik v. Showbran Photo, Inc.,*
    02-cv-1172 (RMB) (DF), 2003 WL 22339268 (S.D.N.Y. 2003) ................ 10, 16, 17

*Lawtone-Bowles v. City of New York, Dept. of Sanitation,*
    22 F. Supp. 3d 341 (S.D.N.Y. 2014) ...................................................... 3, 4

*Lucas v. South Nassau Cmtys. Hosp.,*
    54 F. Supp.2d 141 (E.D.N.Y.1998) ............................................................ 8

*Mariah Re Ltd. v. Am. Family Mut. Ins. Co.,*
    52 F. Supp 3d 601 (S.D.N.Y. 2014) ............................................................ 20

*Mayers v. Emigrant Bancorp, Inc.,*
    796 F. Supp. 2d 434 (S.D.N.Y. 2011) ............................................................ 16

*MGR Meats, Inc. v. Schweid,*
    10–cv–3068 (MKB), 2012 WL 6675123 (E.D.N.Y. 2012) ........................ 21

*Miller v. Natl. Ass'n of Sec. Dealers, Inc.,*
    703 F. Supp. 2d 230 (E.D.N.Y. 2010) ............................................................ 16

*Moses v. Martin,*
    360 F.Supp.2d 533 (S.D.N.Y. 2004) ............................................................ 20

*New York State Ct. Clerks Ass'n v. Unified Ct. Sys. of the State of New York,*
    25 F. Supp. 3d 459 (S.D.N.Y. 2014) ............................................................ 3

*Neuroaxis Neurosurgical Assoc., PC v. Costco Wholesale Co.,*
    919 F. Supp. 2d 345 (S.D.N.Y. 2013) ............................................................ 18

*Pelosi v. Schwab Capital Markets, L.P.,*
    462 F. Supp. 2d 503 (S.D.N.Y. 2006) ............................................................ 15

*Polanco v. NCO Portfolio Mgt., Inc.,*
    23 F. Supp. 3d 363 (S.D.N.Y. 2014) ............................................................ 20

*Pryor v. Jaffe & Asher, LLP,*
    992 F. Supp 2d 252 (S.D.N.Y. 2014) ............................................................ 8

*Remigio v. Kelly,*
    04-cv-01877J (GK) (MHD), 2005 WL 1950138 (S.D.N.Y. 2005) .............. 5

*Richards v. New York City Dept. of Educ.*,
 13–cv–16 (VEC), 2015 WL 4164746 (July 10, 2015) .................................. 10

*Salazar v. Ferrara Bros. Bldg. Materials Corp.*,
 13–cv–3038 (JG) (VMS), 2015 WL 1535698 (E.D.N.Y. April 6, 2015) ..... 11

*Sesay-Harrell v. NYC Dept. of Homeless Services*,
 12-cv-925 (KPF), 2013 WL 6244158, (S.D.N.Y. 2013) ............................... 9

*Shah v. MTA New York City Tr. Auth.*,
 12-cv-4276 (ERK) (RLM), 2015 WL 4139293 (E.D.N.Y. July 9, 2015) . 8, 11

*St. John's Univ., New York v. Bolton*,
 757 F. Supp. 2d 144 (E.D.N.Y. 2010) ......................................................... 21

*Whyte v. Nassau Health Care Corp.*,
 969 F. Supp 2d 248 (E.D.N.Y. 2013) ........................................................... 8

*Zambrano-Lamhaouhi v. New York City Bd. of Educ.*,
 866 F. Supp. 2d 147 (E.D.N.Y. 2011) ........................................................... 7

*Zavala v. Cornell Univ.*,
 9 F. Supp. 3d 213 (N.D.N.Y. 2014) ............................................................... 6

STATE CASES:

*Mandarin Trading Ltd. v. Wildenstein*,
 16 N.Y.3d 173 (2011) ................................................................................. 21

*Paramount Film Distrib. Corp. v. State*,
 30 N.Y.2d 415 (1972) ................................................................................. 21

*Williams v. New York City Hous. Auth.*,
 61 A.D.3d 62 (1st Dept. 2009) ..................................................................... 11

STATUTES:

Fed. R. Civ. P. 8 ....................................................................................... 4, 12, 20

Fed R. Civ. P. 12 ....................................................................................... 1, 2, 22

Employee Income Retirement Security Act of 1973 ..................................... passim

Title VII of the Civil Rights Act of 1964 ..................................................... passim

New York Human Rights Law ....................................................................... passim

New York City Human Rights Law .................................................... passim

29 U.S.C. § 1132 ..................................................................... passim

29 U.S.C. § 1140 ..................................................................... passim

42 U.S.C. § 2000e-5 (e)(3) (Ledbetter Act) ............................................ 4, 5, 7

# I.    PRELIMINARY STATEMENT

Plaintiff, **KAREN WEGMAN** (*hereinafter* "Plaintiff"), respectfully submits this memorandum of law in opposition to the pending motion to dismiss filed by Defendants, **YOUNG ADULT INSTITUTE, INC.** (*hereinafter* "YAI"), and **TRUSTEES OF THE SUPPLEMENTAL PENSION PLAN FOR CERTAIN MANAGEMENT EMPLOYEES OF YOUNG ADULT INSTITUTE** (*hereinafter* collectively "Defendants"), pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure (*hereinafter* "Fed. R. Civ. P."). This case concerns Plaintiff's effort to recover monetary damages stemming from Defendants' violations of the: Employee Income Retirement Security Act of 1973 (*hereinafter* "ERISA"), Title VII of the Civil Rights Act of 1964 (*hereinafter* "Title VII"), New York Human Rights Law (*hereinafter* "NYHRL"), and the New York City Human Rights Law (*hereinafter* "NYCHRL"), along with other common law causes of action. Zabell Declaration, <u>Exhibit 1</u>, at ¶ 1. For all the reasons set forth below, Defendants' motion to dismiss must be denied in its entirety.

# II.    STATEMENT OF RELEVANT FACTS

This litigation pertains to Defendants' failure to provide Plaintiff with benefits due and owing from its Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute (*hereinafter* the "Trust Plan"), predicated solely on the basis of her sex. For nearly three (3) decades, Plaintiff was employed by Defendant YAI, serving in various management level roles, including Assistant Controller, Controller, Chief Financial Officer, and Chief Business Officer. *See* Zabell Declaration, <u>Exhibit 1</u>, at ¶¶ 30 – 33.

Under the explicit terms of the Trust Plan, participation was limited to management level employees who completed fifteen (15) years of service with Defendant YAI. *See* Zabell Declaration, <u>Exhibit 1</u>, at ¶¶ 38 – 40.  Moreover, participation in the Trust Plan was not

contingent upon prior approval from the Board of Directors of Defendant YAI. *See* Zabell Declaration, Exhibit 1, at ¶ 51. On or around December 2001, Plaintiff became a participant in the Trust Plan, after satisfying the minimum threshold requirements, since she completed fifteen (15) years of service and was a management level employee. *See* Zabell Declaration, Exhibit 1, at ¶ 49. However, in or around December 2008, Defendants amended the Trust Plan, the net effect of which excluded female eligibility.[1] *See* Zabell Declaration, Exhibit 1, at ¶ 52. Nevertheless, the December 2008 amendment did not affect male participants in the Trust Plan who continued to receive benefits due and owing. In 2014, upon the cessation of her employment, Plaintiff requested and was denied benefits under the Trust Plan. *See* Zabell Declaration, Exhibit 1, at ¶ 53. Defendants' now deny that Plaintiff was even a participant in the Plan, and instead retroactively apply the discriminatory December 2008 Trust Plan Amendment. Accordingly, notwithstanding her participation in the plan, Defendants applied discriminatory criteria to avoid remitting Plaintiff her vested benefits, going so far as to deny her participation under the Trust Plan in general. Thus, left with no alternative, Plaintiff initiated this litigation to obtain benefits and sums due and owing under the Defendants' Trust Plan.

## III.   ARGUMENT

### A.   STANDARD FOR MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Under Fed. R. Civ. 12 (b)(6), a Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). *See Stratte-McClure v. Morgan Stanley,* 776 F.3d 94, 100 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1]      While Defendants argue that participation in the Trust Plan was "revised" by virtue of purported changes to tax laws, particularly in 1986 and 2004, any amendment to the Trust Plan only came in 2008. *See* Zabell Declaration, Exhibit 1, at ¶ 44 – 45.

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *See Brown v. Daikin Am. Inc.,* 756 F.3d 219, 225 (2d Cir. 2014); *Gerstle v. Natl. Credit Adjusters, LLC,* 76 F. Supp. 3d 503, 509 (S.D.N.Y. Jan. 6, 2015); *Lawtone-Bowles v. City of New York, Dept. of Sanitation,* 22 F. Supp. 3d 341, 345 (S.D.N.Y. 2014). As such, "[t]o be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence *more than a mere possibility* of a right to relief." *Nakahata v. New York-Presbyt. Healthcare Sys., Inc.,* 723 F.3d 192, 197 (2d Cir. 2013) (emphasis added). Moreover, all "factual *allegations in the complaint are accepted as true,* and all reasonable inferences are *drawn in the plaintiff's favor.*" *Gerstle,* 76 F. Supp. 3d at 509 (emphasis added). *See Nielsen v. Rabin,* 746 F.3d 58, 62 (2d Cir. 2014); *Germain v. M & T Bank Corp.,* 13-cv-7273 (KMK), 2015 WL 3825198, at *6 (S.D.N.Y. June 19, 2015); *Guo v. IBM 401(k) Plus Plan,* 13-cv-8223 (KMK), 2015 WL 1379788, at *4 (S.D.N.Y. Mar. 26, 2015); *Elsevier, Inc. v. Grossman,* 12-cv-5121 (KPF), 2015 WL 72604, at *5 (S.D.N.Y. Jan. 5, 2015).

Further, to state a plausible claim, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Nielsen v. AECOM Tech. Corp.,* 762 F.3d 214, 218 (2d Cir. 2014) *(quoting Twombly,* 550 U.S. at 555). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *New York State Ct. Clerks Ass'n v. Unified Ct. Sys. of the State of New York,* 25 F. Supp. 3d 459, 464 (S.D.N.Y. 2014) *(quoting Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995)). *See Todd v. Exxon Corp.,* 275 F.3d 191, 198 (2d Cir. 2001); *Buckley v. New York,* 959 F. Supp. 2d 282, 294 (E.D.N.Y. 2013); *Johnson v. Levy,* 812 F. Supp. 2d 167, 175 (E.D.N.Y. 2011).

As such, the "task of the court in ruling on a motion to dismiss is to 'assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Kaplan v. S.A.C. Capital Advisors, L.P.*, 40 F. Supp. 332 (S.D.N.Y. 2014) (quoting *In re Initial Pub. Offering Sec. Litig.*, 383 F. Supp.2d 566, 574 (S.D.N.Y. 2005)). *See Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013); *Lawtone-Bowles*, 22 F. Supp 3d at 345. More so, a "complaint *need only include* 'enough facts to state a claim to relief that is plausible on its face.'" *Gerstle*, 76 F. Supp. at 509 (quoting *Twombly,* 550 U.S. at 570) (emphasis added). Thence, "to survive a motion to dismiss under *Twombly,* a plaintiff must allege 'only enough facts to state a claim to relief that is plausible on its face.'" *Bohnet v. Val. Stream Union Free School Dist. 13*, 30 F. Supp. 3d 174, 179 (E.D.N.Y. 2014).

B. **PLAINTIFF'S CLAIMS OF SEX/GENDER DISCRIMINATION ARISING UNDER TITLE VII, NYSHRL, NYCHRL ARE BOTH TIMELY AND ADEQUATELY PLED**

Plaintiff sufficiently pleads plausible claims arising under Title VII, NYSHRL, and NYCHRL, consistent with the precepts set by Fed. R. Civ. P. 8, and *Twombly* and *Iqbal* criterion. *See* Zabell Declaration, Exhibit 1 at ¶¶ 56 – 67 (claim one (1)), 68 – 79 (claim two (2)), and 80 – 91 (claim three (3)). The facts averred in the Complaint are sufficient for the Court to reasonably deduce that Defendants are liable for each of the pled claims.

Preliminarily, Plaintiff's claims predicated upon Title VII, NYSHRL, and NYCHRL, are each timely and are not barred by statute of limitations. Plaintiff's claims accrued in or around June 2014, when Defendants declined her request to remit benefits owed under the Trust Plan. Nonetheless, assuming *arguendo* (and as argued by Defendants) that the statute of limitations period expired on Plaintiff's above-cited claims, each claim would still be timely because of the applicable continuing violation exception and application of Ledbetter Act (42 U.S.C.A. § 2000e-5 (e)(3)).

4

i.    Plaintiff's claims under Title VII, NYSHRL, and NYCHRL are not barred by applicable statute of limitations

Plaintiff's claims accrued in 2014, when she requested and Defendants refused to provide her with benefits due and owing under the Trust Plan. Nonetheless Plaintiff's claims are timely, even if, assuming *arguendo,* that Plaintiff's claims are barred by the governing three (3) year statute of limitations period because they accrued in 2001 or 2008. *See* ECF Doc. 21, p. 19 – 22. Plaintiff's claims under Title VII, NYSHRL, and NYCHRL are not circumscribed by statute of limitations. As set forth below, the continuing violation exception and application of the Ledbetter Act, along with its associated caselaw, dictates this Court find Plaintiff's claims timely.

The continuing violation doctrine preserves the viability of a claim otherwise barred by statute of limitation. *See Fanelli v. New York,* 51 F. Supp 3d 219, 227 (E.D.N.Y. 2014). "Under that doctrine, if a plaintiff has experienced a continuous practice and policy of discrimination, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Fitzgerald v. Henderson,* 251 F.3d 345, 359 (2d Cir. 2001) (internal citations omitted). *See Gerardi v. Huntington Union Free School Dist.,* 13-cv-4377 (ADS) (AKT), 2015 WL 5062451, at *12 (E.D.N.Y. Aug. 25, 2015); *Remigio v. Kelly,* 04-cv-01877J (GK) (MHD), 2005 WL 1950138, at *6 (S.D.N.Y. 2005). *See also Chin v. Port Auth. of New York & New Jersey,* 685 F.3d 135, 155–56 (2d Cir. 2012). Indeed, the continuing violation doctrine "is an 'exception to the normal knew-or-should-have-known accrual date' if there is 'evidence of an ongoing discriminatory policy or practice.'" *Corona Realty Holding, LLC v. Town of N. Hempstead,* 382 Fed App'x 70, 72 (2d Cir. 2010) (quoting *Harris v. City of New York,* 186 F.3d 243, 248 (2d Cir. 1999)).

"In deciding whether putative discrimination qualifies as a continuing violation, courts consider three factors: (1) whether the incidents of discrimination are similar in kind; (2) whether the incidents are recurring or isolated in nature; and (3) whether the effect of the discrimination is permanent in nature, and thus should trigger an individual to assert his rights. This list of factors is not exhaustive and requires a fact-specific inquiry by a trial judge which cannot be easily reduced to a formula Plaintiff has sufficiently pled a continuing violation." *Zavala v. Cornell Univ.*, 9 F. Supp. 3d 213, 222 (N.D.N.Y. 2014) (internal citations omitted). *See Buckvar v. City of New York*, 98-cv-3106 (RWS), 2000 WL 274195. While not exclusive, the above factors are relevant to evaluating the application of the continuing violation doctrine.

In this instance, Defendants' established policy of discrimination, targeted women. Prior to the December 2008 amendment, under the terms of the Trust Plan, the only express prerequisites to plan participation concerned an employee's years of employment with Defendant YAI. *See* Zabell Declaration, Exhibit 1, at ¶ 40. Specifically, Article X of the Trust Plan set forth the eligibility requirement as:

> "[e]ach Management Employee who shall complete [fifteen] 15 years of service with the Institute and whose compensation is not fully considered in the computation of Federal Social Security benefits, shall be eligible to participate in the Plan. Entry into the Plan as a Plan Participant shall be on the July 1 coincident with or next following the employee's compliance with the Eligibility Requirements."

Zabell Declaration, Exhibit 1, at ¶ 39. Consequently, until Defendants amended the Trust Plan in December 2008, with the net effect of excluding female eligibility, Plaintiff and all other female management employees became participants in the Trust Plan, after fulfilling the criteria in Article X of the Trust Plan. *See* Zabell Declaration, Exhibit 1, at ¶ 44. In effect, Defendants' amendment bars female membership, all the while maintaining benefits for similarly situated males.

Similarly, the Ledbetter Act provides an alternative means by which to preserve Plaintiff's Title VII, NYSHRL, and NYCHRL claims. As contained in Title VII, in relevant part, 42 U.S.C. § 2000e-5 (e)(3)(A) (Ledbetter Act) provides:

> "an *unlawful employment practice occurs*, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or *when an individual is affected by application of a discriminatory compensation decision or other practice*, including each time wages, *benefits*, or other compensation is *paid*, resulting in whole or in part from such a decision or other practice."

(emphasis added). In 2001, Plaintiff became a participant in the Trust Plan after satisfying all the eligibility requirements. *See* Zabell Declaration, Exhibit 1, at ¶ 44. Thereafter, in or around June 2014, following the cessation of Plaintiff's employment, she requested and was denied benefits accrued under the Trust Plan. The December 2008 discriminatory amendment to the Trust Plan was enacted only *after* Plaintiff was already a plan participant and is now being applied retroactively to deny Plaintiff benefits to which she is otherwise entitled. Defendants amended the 2008 Trust Plan to avoid remitting to Plaintiff benefits, which were provided to similarly situated male employees. Irrespective of when the discriminatory criteria was first enacted, Plaintiff's claims accrued when Defendants provided, or failed to provide, benefits because of impermissible discrimination. *See Zambrano-Lamhaouhi v. New York City Bd. of Educ.*, 866 F. Supp. 2d 147, 167-68 (E.D.N.Y. 2011) ("Ledbetter Act applies only to claims that an employer has "paid different wages or provided *different benefits* to similarly situated employees" (*quoting Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 374 (D.C. Cir. 2010) (emphasis added)). *See Russell v. County of Nassau*, 696 F. Supp. 2d 213, 226-27 (E.D.N.Y. 2010).

ii.     Plaintiff sufficiently pleads claims arising under Title VII and the
        NYSHRL

Plaintiff's claims are Title VII and NYSHRL are viable and pled consistent with the

*Twombly* and *Iqbal* notice pleading standards. Therefore, Defendants' motion to dismiss must be

denied. Further, Defendants' argument that Plaintiff "fails to establish a *prima facie* case of

discrimination under either Title VII *or* the NYSHRL…," is materially false and constitutes a

misstatement of the governing law. *See* ECF Doc. 21, p. 24 (emphasis added).

First, "[t]he legal standards for discrimination claims under Title VII and the New York

State Human Rights Law ('SHRL') are 'analytically identical.'" *Shah v. MTA New York City Tr.*

*Auth.*, 12-cv-4276 (ERK) (RLM), 2015 WL 4139293, at *15 (E.D.N.Y. July 9, 2015) (quoting

*Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 n. 9 (2d Cir. 2008)). *See Salazar v.*

*Ferrara Bros. Bldg. Materials Corp.*, 13–cv–3038 (JG) (VMS), 2015 WL 1535698, *5

(E.D.N.Y. April 6, 2015); *Pryor v. Jaffe & Asher, LLP*, 992 F. Supp 2d 252, 256 (S.D.N.Y.

2014). *See also Whyte v. Nassau Health Care Corp.*, 969 F. Supp 2d 248, 254 (E.D.N.Y. 2013)

(quoting *Lucas v. South Nassau Cmtys. Hosp.*, 54 F. Supp.2d 141, 146 (E.D.N.Y. 1998)) ("[T]he

standards for proving discrimination under Section 296 of the New York Executive Law are the

same as under Title VII"). Therefore, the viability of Plaintiff's claims under Title VII and

NYSHRL are identical and similarly analyzed.

Second, the *Twombly* and *Iqbal* notice pleading standards do *not* require a plaintiff to

aver all elements of a *prima facie* in a Title VII and NYSHRL discrimination case. *See E.E.O.C.*

*v. Port Auth. of New York and New Jersey*, 768 F.3d 247, 254 (2d Cir. 2014) ("[a] discrimination

complaint need not allege facts establishing each element of a *prima facie* case of discrimination

to survive a motion to dismiss..."); *Bivens v. Inst. for Community Living, Inc.*, 14-cv-7173 (PAE),

2015 WL 1782290, at *7 (S.D.N.Y. Apr. 17, 2015) (opining that "to survive a motion to dismiss,

plaintiffs alleging employment discrimination need not plead a *prima facie* case"). Indeed, this Court recently held:

> "[T]o withstand a motion to dismiss, an employment discrimination plaintiff *need not plead a prima facie case* of discrimination. Rather, in light of *Swierkiewicz* and the pleading standards subsequently articulated in *Iqbal*, the Second Circuit... [has opinioned that] while a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed. As a practical matter, however, while a plaintiff *need not allege specific facts establishing a prima facie* case of discrimination in order to withstand a motion to dismiss, the elements of a prima facie case often provide an outline of what is necessary to render a plaintiff's claims for relief plausible."

*Carter v. Verizon*, 13-cv-7579 (KPF), 2015 WL 247344, at *5 (S.D.N.Y. Jan. 20, 2015) (internal citations omitted) (emphasis added). *See Littlejohn v. City of New York*, 795 F. 3d 297, 307-311 (2d Cir. 2015).

Still, notwithstanding the foregoing, Plaintiff set forth viable claims arising under Title VII and the NYSHRL. A case under Title VII requires Plaintiff to show that she: (1) belonged to a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) endured an adverse employment action occurring in the context of circumstances giving rise to an inference of discriminatory intent. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506-07 (1993); *Holcomb v. Iona Coll.*, 521 F. 3d 130, 138 (2d Cir. 2008). *See also Carter*, 2015 WL 247344, at *4; *Sesay-Harrell v. NYC Dept. of Homeless Services*, 12-cv-925 (KPF), 2013 WL 6244158, at *13 (S.D.N.Y. 2013).

In this matter, Plaintiff is a woman and therefore a member of a protected class. During her nearly three (3) decades of employment with Defendant YAI, Plaintiff held senior level management positions, which included Assistant Controller, Controller, Chief Financial Officer, and Chief Business Officer. Under *the express terms of the Trust Plan*, participation was limited

to management level employees who completed fifteen (15) years of service with Defendant YAI. By virtue of the aforementioned titles, there can be no serious dispute that Plaintiff was a high level employee similarly situated to Joel M. Levy, Phillip H. Levy, Stephen Freeman and Thomas Dern, who were male participants in the Trust Plan, and were explicitly identified in the 2008 Trust Plan amendment.

By 2001, Plaintiff completed fifteen (15) years of service with Defendant YAI. Indeed, Defendants' own financial documents, filed with the Internal Revenue Service (Form 990) in 2003, identify Plaintiff, along with the other Trust Plan participants, as officers, directors, trustees and key employees. *See* Zabell Declaration, Exhibit 2. Defendants' refusal to pay benefits to Plaintiff that she is owed and otherwise entitled, is a fundamental adverse employment action; it is based upon the retroactive application of the 2008 Trust Plan Amendment the net effect of which excluded women. Following the cessation of her employment, Plaintiff requested and was denied benefits under the Trust Plan. Notwithstanding that Plaintiff requested and was denied benefits under the Trust Plan, after the close of her employment, an adverse employment action may arise following the cessation employment. *See Kreinik v. Showbran Photo, Inc.*, 02-cv-1172 (RMB) (DF), 2003 WL 22339268, at *5 (S.D.N.Y. 2003). More so, Defendants' refusal to pay Plaintiff's benefits that she is owed and otherwise entitled, in addition, to questioning whether she was participant in the plan, is born directly from the discriminatory 2008 amendment to the Trust Plan and its retroactive application. Consequently, Plaintiff shows that the above-referenced adverse employment action transpired under circumstances, which provide a reasonable basis to infer Defendants' discriminatory intent.

For the foregoing reasons, Plaintiff sufficiently pleads claims under Title VII and NYSHRL. Hence, Defendants' motion to dismiss this branch of Plaintiff's Complaint must be denied.

### iii.     <u>Plaintiff sufficiently pleads a claim arising under NYCHRL</u>

Insofar that Plaintiff adequately pleads claims arising under Title VII and the NYSHRL, she also set forth a viable case under the more liberal standard associated with the NYCHRL. While claims under Title VII and NYSHRL are similarly evaluated, "claims under the NYCHRL are to be evaluated separately from federal and state law claims and given liberal, independent construction." *Gorokhovsky v. New York City Hous. Auth.*, 552 Fed App'x 100, 101 (2d Cir. 2014). *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). *See also Richards v. New York City Dept. of Educ.*, 13–cv–16 (VEC), 2015 WL 4164746, *10 (July 10, 2015); *Shah*, 2015 WL 4139293, at *24; *Gelin v. City of New York*, 10-cv-5592 (CBA) (VVP), 2013 WL 2298979, at *12 (E.D.N.Y. 2013). Indeed, the NYCHRL, "prohibits a broader range of discriminatory and retaliatory conduct than its state and federal analogues." *Grant v. Cont. Cas. Co.*, 13-cv-5675 (AT), 2015 WL 1499724, at *12 (S.D.N.Y. Mar. 30, 2015).

"To establish a gender discrimination claim under the NYCHRL, the plaintiff need only demonstrate 'by a preponderance of the evidence that she has been treated less well than other employees because of her gender.'" *Mihalik*, 715 F.3d at 110 (quoting *Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 75 (1st Dept. 2009)). As such, "to prevail on liability, the plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent. Indeed, the challenged conduct need not even be 'tangible' (like hiring or firing)." *Mihalik*, 715 F.3d at 110 (internal citations omitted). Further, claims "brought under the NYCHRL must be construed 'broadly in favor of discrimination plaintiffs, to the extent that such

a construction is reasonably possible.'" *Salazar*, 2015 WL 1535698, * 11 (quoting *Mihalik*, 715 F.3d at 109).

Accordingly, to the extent Plaintiff sufficiently pleads claims under Title VII and NYSHRL, her claim under the NYCHRL is also viable. Moreover, the retroactive application of the December 2008 Amendment and Defendant's corresponding refusal to remit sums due and owing Plaintiff under the Trust Plan, confirms Defendants' differential treatment of management level employees based on gender. To that end, Plaintiff sufficiently avers a claim under NYCHRL. For this reason, Defendants' motion to dismiss this branch of Plaintiff's Complaint must be denied.

C. **PLAINTIFF'S STATUTORY AND EQUITABLY CLAIMS ARISING UNDER ERISA ARE ADEQUATELY PLED**

Plaintiff sufficiently pleads claims arising under ERISA. Namely 29 U.S.C. §§ 1132 (a)(1)(B), 1132 (a)(3)(B), 1140, and promissory estoppel, consistent with the precepts set by Fed. R. Civ. P. 8, and the *Twombly* and *Iqbal* criterion. *See* Zabell Declaration, Exhibit 1 at ¶¶ 92 – 99 (claim four (4)), 100 – 113 (claim five (5)), 114 – 112 (claim six (6), and 123 – 133 (claim seven (7))). The facts averred in the Complaint are sufficient for this Court to reasonably deduce that Defendants are liable for each of the pled claims.

i.  Plaintiff sufficiently avers ERISA claims under 29 U.S.C. §§ 1132 (a)(1)(B), 1132 (a)(3)(B), and 1140

Plaintiff avers three (3) statutory ERISA claims, namely, 29 U.S.C. §§ 1132 (a)(1)(B), 1132 (a)(3)(B), and 1140.[2] Prior to evaluating these claims, it is necessary to examine central

---

[2]  At various points, Defendants erroneously argue that Plaintiff's ERISA claims are time barred by the applicable statute of limitations. Defendants similarly argue—as with the Title VII, NYSHRL, and NYCHRL—that Plaintiff's claims accrued in 2001 or in 2008 at the latest. *See supra* Section III.B.i. herein. Plaintiff's claims accrued in 2014, following the cessation of her employment when she requested and was denied benefits under the Trust Plan, which were due and owing. *See Yuhas v. Provident Life and Cas. Ins. Co.*, 162 F. Supp. 2d 227, 231-32

facts found in the Complaint. The averments set forth in the Complaint are Plaintiff's *factual representations*, despite Defendants' efforts to frame the following as "conclusory, unsubstantiated allegations," or legal conclusions. Indeed, under the *Twombly* and *Iqbal* notice pleading standard, Plaintiff need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Moreover, Plaintiff need not prove with extensive detail and evidence each paragraph in the Complaint. More so, under a motion to dismiss all "factual *allegations in the complaint are accepted as true*, and all reasonable inferences are *drawn in the plaintiff's favor.*" *Gerstle*, 76 F. Supp. 3d at 509 (emphasis added). *See Clarke v. United States*, 13-cv-3080 (WFK) (MDG), 2015 WL 3539548, at *2 (E.D.N.Y. June 4, 2015) ("At this stage, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of Plaintiff, the non-movant").

Accordingly, the following *__facts__* are universal to Plaintiff's ERISA claims:

- during her employment with Defendant YAI, Plaintiff served as an Assistant Controller, Controller, Chief Financial Officer, and Chief Business Officer;

- when Plaintiff resigned her employment with Defendant YAI, she had the title of Chief Business Officer, and as early as 2003 was working as the Controller;

- Joel Levy, the Executive Director for Defendant YAI, personally advised Plaintiff that she was entitled to participate in the Trust Plan;

---

(S.D.N.Y. 2001) ("[A] plaintiff's cause of action accrues when plaintiff is unequivocally notified that his or her claim for benefits has been denied"). *See also Marcucci v. N.Y. Dist. Council of Carpenters Welfare Fund*, 97-CIV-7406 (LBS) (KNF), 2001 WL 1356190, at *1 (S.D.N.Y. 2001); *Davis v. NMU Pension & Welfare Plan*, 810 F. Supp. 532, 535 (S.D.N.Y. 1992). Indeed, "[a]ccrual is triggered by either actual knowledge or constructive knowledge of a clear repudiation." *Kunsman v. Conkright*, 977 F. Supp. 2d 250, 257 (W.D.N.Y. 2013). Thus, prior to 2014, when Defendants refused to remit monies due and owing to Plaintiff, she did not know nor could she have known that Defendants' denied her participation in the Trust Plan. For this reason, Plaintiff's claims first accrued in 2014.

- *under the express terms of the Trust Plan*, the prerequisites for participation were limited to management level employees who completed fifteen (15) years of service with Defendant YAI;

- on or around December 2001, after satisfying the minimum threshold requirements, Plaintiff became a participant in the Trust Plan, since she completed fifteen (15) years of service and was a management level employee;

- under Trust Plan's explicit language, participation is not contingent on approval from the Board of Directors of Defendant YAI;

- Defendants' 2003 IRS 990 Form, in Part V, relates to the listing of lists officers, directors, trustees and key employees, Defendant identifies Plaintiff, along with Joel M. Levy, Phillip H. Levy, Stephen Freeman and Thomas Dern;

- Defendants' 2003 IRS 990 Form identifies financial values of the "employee ben[efit] plan" (and explicitly includes deferred compensation), for which *only* the above-referenced person have sums of money greater than zero (0) attributed to them;

- on or about December 18, 2008, *after Plaintiff vested within the Trust Plan*, Defendants amended the Trust Plan, the net effect of which excluded female eligibility;

- the 2008 amendments to the Trust Plan, restricted membership to Joel M. Levy, Phillip H. Levy, Stephen Freeman and Thomas Dern, who are all male; and

- following the cessation of her employment, Plaintiff requested and was denied benefits under the Trust Plan, which were due and owing.

*See* Zabell Declaration, <u>Exhibit 1</u>, at ¶¶ 31, 32, 40, 44 – 46, 49, 50, 51, and 55; <u>Exhibit 2</u>. Thus, the above-pled facts, which are applicable to each of Plaintiff's ERISA claims, which are presumed true in a motion to dismiss, belie Defendants' generalized and conclusory assertions that Plaintiff failed adequately plead her ERISA claims.

Under 29 U.S.C. §§ 1132 (a)(1)(B), a "plaintiff must show that '(1) the plan is covered by ERISA; (2) the plaintiff is a participant or beneficiary of the plan; and (3) the plaintiff was wrongfully denied a benefit owed under the plan.'" *Dillon v. Metro. Life Ins. Co.*, 832 F. Supp. 2d 355, 362-63 (S.D.N.Y. 2011) (quoting *Guerrero v. FJC Sec. Servs.*, 423 Fed. App'x. 14, 16 (2d Cir. 2011)). *See Andrews v. Realogy Corp. Severance Pay Plan for Officers*, 13-cv-8210 (RA), 2015 WL 736117, at *5 (S.D.N.Y. Feb. 20, 2015); *Pelosi v. Schwab Capital Markets, L.P.*, 462 F. Supp. 2d 503, 509 (S.D.N.Y. 2006). It is undisputed that the Trust Plan is covered by ERISA. While it is not disputed that Plaintiff was denied benefits under the Trust Plan, Defendants' maintain Plaintiff was not a participant in the Trust Plan. This position forms the basis of this dispute.

Plaintiff pleads she was a management level employee, and during her tenure, held the positions of Assistant Controller, Controller, Chief Financial Officer, and Chief Business Officer. *See* Zabell Declaration, <u>Exhibit 1</u> at ¶ 30-33. Indeed, the titles of these positions confirm they are managerial in nature. It is not fatal, nor is it even necessary for Plaintiff to identify precise dates when she held each of these positions, while employed by Defendant YAI. Moreover, Defendants' own financial document, filed with the Internal Revenue Service (Form 990) in 2003, identifies Plaintiff in the listing of officers, directors, trustees and key employees.

Indeed, the only employees of Defendant YAI, who are not identified as a trustee or director,[3] are Plaintiff, Joel M. Levy, Phillip H. Levy, Stephen Freeman and Thomas Dern. *See* Zabell Declaration, <u>Exhibit 2</u>. Curiously, these individuals are the same people covered and affected by the discriminatory 2008 Trust Plan Amendment. *See* Zabell Declaration, <u>Exhibit 1</u>, at ¶ 45.

Additionally, the 2003 IRS Form 990 identifies each of the aforementioned persons as having financial value greater than zero (0) in an "employee ben[efit] plan" (and explicitly includes deferred compensation). *See* Zabell Declaration, <u>Exhibit 2</u>. Defendants' argument that the 2008 Plan Amendment barred Plaintiff's participation in the Trust Plan is invalid, because she vested and became a participant in the plan in 2001. *See* Zabell Declaration, <u>Exhibit 1</u>, at ¶ 48. By the Trust Plan's express language, participation is not contingent on approval from the Board of Directors of Defendant YAI, participation is only limited to management level employees who completed fifteen (15) years of service with Defendant YAI. As such, while the 2008 Trust Plan amendment changed the prerequisites for membership, and had the net effect excluding female eligibility, it was enacted *after* Plaintiff was already vested in Trust Plan.

Furthermore, Plaintiff's claim under 29 U.S.C. §§ 1132 (a)(3)(B) is equally viable. Plaintiff seeks equitable relief (in the alternative) to enjoin Defendants from engaging in discriminatory and/or sexist management of the Trust Plan. This is the only vehicle by which to enjoin Defendants' discriminatory conduct. *See Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 89 (2d Cir. 2001) ("should plaintiffs' claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to enforce their rights under the plan fail... [and] where a plan participant has no remedy under another section of ERISA, she can assert a claim for breach of fiduciary duty under § 502(a)(3) [29 U.S.C. §§ 1132 (a)(3)(B)]. Additionally, Defendants' reliance upon

---

[3] For purposes of her opposition to Defendants' motion for summary judgement, Plaintiff restricts the definition of "director" to Chairman, Vice Chairman, Treasurer, or Secretary.

*Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 371 (6th Cir. 2015) is improper. Aside from not being binding on courts in this Circuit, the decision addresses whether a plaintiff can "recover," under both 29 U.S.C. §§ 1132 (a)(1)(B) and 1132 (a)(3)(B), as opposed to plead both in the alternative. *Id.*

Turning to Plaintiff's next ERISA claim, pled pursuant to 29 U.S.C. § 1140, a plaintiff must "show that she: (1) belongs to a protected group; (2) was qualified for the position; and (3) suffered an adverse employment action under circumstances that give rise to an inference of discrimination." *Mayers v. Emigrant Bancorp, Inc.*, 796 F. Supp. 2d 434, 456 fn. 30 (S.D.N.Y. 2011). *See Miller v. Natl. Ass'n of Sec. Dealers, Inc.*, 703 F. Supp. 2d 230, 248 (E.D.N.Y. 2010); *Kreinik*, 2003 WL 22339268, at *3. Defendants retroactively applied their discriminatory criteria to deny Plaintiff benefits to which she was entitled. Plaintiff is female and a member of a protected class. For the reasons expounded upon above, she was eligible to participate, and in fact was a participant, in the Trust Plan. In this regard, Defendants discriminated against Plaintiff because of her sex, to interfere with and deny paying benefits due and owing to her under the Trust Plan.

In opposition, Defendants chiefly deny that an adverse action transpired. *See* ECF Doc. 21, p. 16-17 ("The complaint is devoid of any allegation of an adverse employment action..."). However, Defendants' failure to remit benefits that Plaintiff is owed and entitled because of discriminatory animus, is an adverse employment action. Following the cessation of her employment, Plaintiff requested and was denied benefits to which she was entitled under the Trust Plan, which were due and owing. Significantly, an adverse employment action may arise following the cessation of Plaintiff's employment. *See Diamond v. Local 807 Labor-Mgt.*

*Pension Fund*, 12-cv-5559 (RRM) (VVP), 2014 WL 527898, at *11 (E.D.N.Y. 2014); *Kreinik*, 2003 WL 22339268, at *5.

Furthermore, when "an ERISA § 510 [(29 U.S.C. § 1140)] plaintiff has only circumstantial, as opposed to direct, evidence of an employer's intent to interfere with benefits, the Second Circuit applies the *McDonnell Douglas* burden-shifting framework to ERISA § 510 claims." *Blessing v J.P. Morgan Chase & Co.*, 394 F. Supp 2d 569, 581-82 (S.D.N.Y. 2005). Accordingly, for the reasons set forth above herein, Plaintiff sufficiently pleads a claim arising under 29 U.S.C. § 1140. *See supra* Section III.B.i. herein. Consequently, Plaintiff adequately sets forth facts to sufficiently demonstrate *more than a mere possibility* of a right to relief under her 29 U.S.C. § 1140 claim, mandating the denial of Defendants' motion.

Finally, Defendants' argument that Plaintiff failed to exhaust administrative is similarly misplaced. "ERISA plaintiffs are required to exhaust administrative remedies before filing an action in federal court, *unless exhaustion would be futile.*" *Leak v. CIGNA Healthcare*, 423 Fed App'x 53 (2d Cir. 2011) (emphasis added). Defendants principally argue that "Ms. Wegman cannot maintain a claim for benefits… [because] she was not a participant in the Plain." ECF Doc. 21, p. 11. As such, when Defendants go so far as to repudiate Plaintiff's participation in the Trust Plan, the exhaustion of any administrative remedies—beyond an initial demand for benefits—is futile. Indeed, it is preposterous to argue, as Defendants do, that on the one hand Plaintiff failed to exhaust administrative remedies *under an ERISA plan*, and on the other, deny Plaintiff's participation in the very same plan.

For the foregoing reasons, Plaintiff sufficiently pleads three (3) statutory ERISA claims, under 29 U.S.C. §§ 1132 (a)(1)(B), 1132 (a)(3)(B), and 1140 respectively. Hence, Defendants' motion to dismiss this branch of Plaintiff's Complaint must be denied.

<u>Plaintiff sufficiently avers an ERISA claim under a theory of promissory estoppel</u>

Plaintiff sets forth a claim for relief under the theory of promissory estoppel. In the context of ERISA, this requires a Plaintiff to show: (1) a promise, (2) reliance on the promise, (3) injury to Plaintiff incurred by relying on the promise, (4) injustice if the promise is not enforced, and (5) extraordinary circumstances. *See Weinreb v. Hosp. For Joint Diseases Orthopaedic Inst.*, 404 F.3d 167, 172-73 (2d Cir. 2005). *See also Lee v. Burkhart*, 991 F. 2d 1004, 1009 (2d Cir. 1993); *Neuroaxis Neurosurgical Assoc., PC v. Costco Wholesale Co.*, 919 F. Supp. 2d 345, 355 (S.D.N.Y. 2013). In assessing the above required elements, the "Second Circuit has recognized 'extraordinary circumstances,' without [explicitly] defining the term..." *Dillon*, 832 F. Supp. 2d at 367. To the extent that Defendants rely upon *Devlin v. Empire Blue Cross and Blue Shield*, 274 F. 3d 76 (2d Cir. 2001) and *Arnold v. Storz*, 00-CV-4485 (CBA), 2005 WL 2436207 (E.D.N.Y. 2005), both cases perhaps provide examples of extraordinary circumstances, *but they do not establish a minimum floor for a finding of extraordinary circumstances.*

Plaintiff satisfies foregoing *prima facie* elements. Principally, on a motion to dismiss, all "factual *allegations in the complaint are accepted as true*, and all reasonable inferences are *drawn in the plaintiff's favor.*" *Gerstle*, 76 F. Supp. 3d at 509 (emphasis added). Joel Levy, the Executive Director for Defendant YAI, personally advised Plaintiff that she was entitled to participate in the Trust Plan. Consequently, Plaintiff reasonably relied and made future financial plans based upon her participation in the plan. Indeed, the text of the plan confirms Plaintiff's eligibility and participation in 2001, and the 2003 IRS 990 report confirms her enrollment. Declining to find Plaintiff a participant in the Trust Plan would be an injustice, since it would

cause financial harm to Plaintiff, who for years reasonably relied upon Defendants' representations and the fact that she was a Trust Plan participant.

Furthermore, Defendants' reliance on *Callahan v. Unisource Worldwide, Inc.*, 451 F. Supp. 2d 428 (D. Conn. 2006), is misplaced because (aside from being outside New York) the Court's conclusion as to the absence of "extraordinary circumstances," was drawn following discovery at the summary judgement stage. *See Ladouceur v. Credit Lyonnais*, 159 Fed App'x 302, 304 (2d Cir. 2005) (reversing the United States District Court for the Southern District's dismissal of plaintiff's promissory estoppel claim under ERISA at the dismissal stage prior to engaging in discovery). Defendants riposte of Plaintiff's use of *Ladouceur* to distinguish *Callahan* is not fully accurate. Plaintiff relies equally on Mr. Levy's representation and promises, along with the information set forth in the 2003 IRS Form 990. This document associates Plaintiff with other participants in the Trust Plan, and each so identified person (including Plaintiff) has positive financial values in an "employee ben[efit] plan" (that explicitly includes deferred compensation). Zabell Declaration, Exhibit 1, at ¶¶ 50, Exhibit 2.

For the foregoing reasons, Plaintiff's promissory estoppel claim is viable. Hence, Defendants' motion to dismiss this branch of Plaintiff's Complaint must be denied.

**D.**     **PLAINTIFF SUFFICIENTLY AVERS COMMON LAW CLAIMS OF CONVERSION AND UNJUST ENRICHMENT**

Plaintiff properly pleads a claim for conversion and unjust enrichment against Defendants. Fed. R. Civ. P. 8 (d)(3) provides that a "party may state as many separate claims or defenses as it has, regardless of consistency." Consequently, Plaintiff's Title VII, NYSHRL, NYCHRL claims have no bearing on the viability of Plaintiff's claim for unjust enrichment. Indeed, in the unlikely event that Plaintiff's Title VII, NYSHRL, NYCHRL are unsuccessful, she

would then be able to recover under the aforementioned common law claims, which are predicated under the same set of operative facts.

A claim predicated upon a theory of conversion requires proof that: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Guobadia v. Irowa*, 12–cv–4042 (ADS) (ARL), 2015 WL 2129640, * 13 (E.D.N.Y. May 7, 2015) (quoting *Moses v. Martin*, 360 F.Supp.2d 533, 541 (S.D.N.Y. 2004)). *See Mariah Re Ltd. v. Am. Family Mut. Ins. Co.*, 52 F. Supp 3d 601, 620 (S.D.N.Y. 2014); *Polanco v. NCO Portfolio Mgt., Inc.*, 23 F. Supp. 3d 363, 370 (S.D.N.Y. 2014); *DeAngelis v. Corzine*, 17 F. Supp. 3d 270, 282 (S.D.N.Y. 2014). Moreover, a claim predicated upon a theory of unjust enrichment requires proof that: "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). *See Fed. Ins. Co. v. CAC of NY, Inc.*, 14-cv-4132 (DRH) (SIL), 2015 WL 1198603, at *4 (E.D.N.Y. Feb. 5, 2015); *Campione v. Campione*, 942 F. Supp. 2d 279, 283 (E.D.N.Y. 2013); *Elbit Sys., Ltd. v. Credit Suisse Group*, 917 F. Supp. 2d 217, 230 (S.D.N.Y. 2013). "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Paramount Film Distrib. Corp. v. State*, 30 N.Y.2d 415, 421 (1972). *See MGR Meats, Inc. v. Schweid*, 10–cv–3068 (MKB), 2012 WL 6675123, at *5 (E.D.N.Y. 2012); *St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144, 182 (E.D.N.Y. 2010).

With regard to Plaintiff's conversion claim, the value of money owed to Plaintiff is identifiable, and by failing to remit these funds, Defendants are exercising unauthorized dominion, to the exclusion of Plaintiff's rights, in the money owed to Plaintiff. Moreover, in regard to Plaintiff's unjust enrichment claim, Defendants are enriched, in the value of money due and owing to Plaintiff, which is at her loss. It is against equity and good conscience to permit Defendants to retain money due and owing to Plaintiff under the Trust Plan.

For the foregoing reasons, Plaintiff sufficiently pleads claims for relief under conversion and unjust enrichment. Hence, Defendants' motion to dismiss this branch of Plaintiff's Complaint must be denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) and grant Plaintiff such other and further relief as the Court deems just and proper. Plaintiff sufficiently pled each of his claims in accordance with the *Twombly* and *Iqbal* notice pleading standards, for which, this Court is able to reasonably infer Defendants are liable for the averred and above described misconduct.

Dated:      Bohemia, New York
            September 11, 2015


                                        ZABELL & ASSOCIATES, P.C.
                                        *Attorneys for Plaintiff*


                        By:     _____
                                SAUL D. ZABELL, ESQ.
                                One Corporate Drive, Suite 103
                                Bohemia, New York 11716
                                Tel.:   (631) 589-7242
                                Fax.:   (631) 563-7475
                                szabell@laborlawsny.com

22