USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 15, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| KAREN WEGMAN, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| -against- | Case No.: 15 CV 03815 (KPF) |
| YOUNG ADULT INSTITUTE, INC., and TRUSTEES OF THE SUPPLEMENTAL PENSION PLAN FOR CERTAIN MANAGEMENT EMPLOYEES OF YOUNG ADULT INSTITUTE, | **JURY TRIAL DEMANDED** |
| Defendants. | |

------------------------------------------------------------x

Plaintiff **KAREN WEGMAN**, by and through her attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff, KAREN WEGMAN brings this action to recover monetary, declaratory, and affirmative relief on account of violations by Defendants, YOUNG ADULT INSTITUTE, INC and TRUSTEES OF THE SUPPLEMENTAL PENSION PLAN FOR CERTAIN MANAGEMENT EMPLOYEES OF YOUNG ADULT INSTITUTE., of the following: Title VII of the Civil Rights Act of 1964 (*hereinafter* "Title VII"), as codified, Subchapter VI, Chapter 21, Title 42 of the United States Code; New York State Human Rights Law (*hereinafter* "NYSHRL"), Article 15 of the Executive Law (chapter 18) of the State of New York; Title 8 of the New York City Administrative Code Chapter 1 (*hereinafter* "NYCHRL"); Employee Retirement Income Security Act (*hereinafter* "ERISA"), Chapter 18, Title 29 of the United States Code; and other appropriate statutes, regulations, rules, and ordinances.

## II. JURISDICTION AND VENUE

2. Pursuant to Title 28 of the United States Code Section 1331, the above-captioned Court maintains jurisdiction over the claims set forth hereto, *to wit*, claims for relief predicated upon the Title VII and ERISA arise under federal law.

3. Pursuant to Title 29 of the United States Code Section 1132 (e)(2), the above-captioned Court maintains jurisdiction over the claims set forth hereto, *to wit*, ERISA claims may be brought "where the plan is administered, where the breach took place, or where a defendant resides or may be found…," which in this instance is the County of New York, State of New York.

4. Pursuant to Title 28 of the United States Code Section 1367, the above-captioned Court maintains jurisdiction over the claims set forth hereto, *to wit*, claims arising under the NYSHRL and NYCHRL, along with all claims arising under other appropriate statutes, regulations, rules, and ordinances.

5. The above-captioned Court has the power to declare the rights and other legal relations, along with other necessary or proper relief based upon a declaratory judgment or decree, whether or not further relief is or could be sought, which shall have the force and effect of a final judgment.

6. Pursuant to Title 28 of the United States Code Section 1391, the claims set forth hereto are properly brought in the United States District Court for the Southern District of New York, *to wit*, a substantial part of the events or omissions giving rise to the claim set forth hereto occurred in the above-captioned judicial district.

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commissions (*hereinafter* "EEOC"), *to wit*, on or about October 13, 2014.

8. The EEOC charge number was: 520-2015-00195.

9. Plaintiff brings the above-captioned actions for the claims set forth, within ninety (90) days of receiving a Notice of Right to Sue, issued by the EEOC on March 27, 2015. A true and accurate copy of the Notice of Right to Sue is attached hereto as <u>Exhibit A</u>.

### III. PARTIES

10. Plaintiff KAREN WEGMAN (*hereinafter* "Plaintiff") resides in New York County, New York.

11. Plaintiff is a female.

12. Plaintiff is a member of a protected class.

13. Defendant YOUNG ADULT INSTITUTE, INC. (*hereinafter* "Defendant" or "YAI") is a domestic not-for-profit corporation incorporated in the State of New York.

14. Upon information and belief, YAI's principal place of business is located at 460 West 34 Street, New York, New York, 10001-2382.

15. YAI provides health and human services to individuals with intellectual and developmental disabilities.

16. TRUSTEES OF THE SUPPLEMENTAL PENSION PLAN FOR CERTAIN MANAGEMENT EMPLOYEES OF YOUNG ADULT INSTITUTE (*hereinafter* "Defendant" or "YAI-SPP") are the administrators of the "Supplemental Pension Plan for Certain Management Employees of Young Adult Institute Trust."

17. At all times relevant herein, Plaintiff has been a "person" within the meaning of Section 2000e (a), Subchapter VI, Chapter 21, Title 42 of the United State Code.

18. At all times relevant herein, Plaintiff has been an "employee" within the meaning of Section 2000e (f), Subchapter VI, Chapter 21, Title 42 of the United State Code.

3

19. At all times relevant herein, Defendant YAI has been an "employer" within the meaning of Section 2000e (b), Subchapter VI, Chapter 21, Title 42 of the United State Code.

20. Plaintiff is a "person" as the term is defined by Section 292 (1) of the Executive Law (chapter 18) of the State of New York.

21. Defendant YAI is an "employer" as the term is defined by Section 292 (5) the Executive Law (chapter 18) of the State of New York.

22. Plaintiff is a "person" as the term is defined by Section 8-102 (1) of the New York City Administrative Code.

23. YAI is an "employer" as the term is defined by Section 8-102 (5) of the New York City Administrative Code.

24. YAI employs more than four (4) persons as the terms are defined by Sections 8-102 (1) and (5) of the New York City Administrative Code.

25. Defendants maintain an "employee benefit plan" as the term is defined by Section 1002 (3), Chapter 18, Title 29 of the United State Code.

26. Plaintiff is an "employee" as the term is defined by Section 1002 (6), Chapter 18, Title 29 of the United State Code.

27. Plaintiff is a "participant" as the term is defined by Section 1002 (6), Chapter 18, Title 29 of the United State Code in the Defendants' "employee pension benefit plan."

28. Defendant YAI is an "employer" as the term is defined by Section 1002 (5), Chapter 18, Title 29 of the United State Code.

29. Defendants are an "administrator" as the term is defined by Section 1002 (16)(A), Chapter 18, Title 29 of the United State Code.

4

## IV. FACTUAL ALLEGATIONS

30. On or about December 15, 1986, YAI hired Plaintiff to work as an Assistant Controller.

31. Plaintiff Replaced Joseph Rut in that position.

32. Upon information and belief Rut began his employment with Defendant as the Assistant Controller, a position he held for two (2) years prior to Plaintiff's employment beginning with Defendant.

33. Plaintiff's duties as the Assistant Controller were essentially identical to those of Joseph Rut in that position and included overseeing accounting department actions and employees, preparing financial books and records, audit preparation, processing payments, supervision of employees and the installation and implementation of computerized systems.

34. Plaintiff held the title of Assistant Controller for approximately six (6) years, from 1986 through 1992.

35. During her twenty seven and one half (27.5) years of employment with YAI, Plaintiff served as an Assistant Controller, Controller, Controller / Director of Finance, Chief Financial Officer, and Chief Business Officer.

36. Plaintiff held the title of Controller for 13 years, from 1992 through 2005

37. Plaintiff Replaced Joseph Rut in the position of Controller.

38. Plaintiff's duties as the Controller were essentially identical to those of Rut in that position and included determining policy and procedure and oversaw the duties of the Assistant Controller and Directors of Budget and Information Technology.

39. Plaintiff held the dual positions of Controller and Director of Finance for 1 year from 2005 through 2006.

5

40. Plaintiff's duties as Controller and Director of Finance included all of the above-referenced Controller duties, plus Plaintiff was tasked with overseeing the budgeting department and liaising with all banking institutions regarding accounts, lines of credit, bridge financing, long term borrowing and capital project management. This position reported directly to the Chief Executive Officer.

41. Plaintiff was promoted to the Chief Financial Officer position in 2006 and held that position for six (6) years, from 2006 to 2012.

42. Plaintiff Replaced Joseph Rut in the position of Chief Financial Officer.

43. Plaintiff's duties as Chief Financial Officer included the duties previously performed by Joseph Rut but also included total oversight over the Information and Technology, Budget and Finance departments. This position reported directly to the Chief Executive Officer.

44. Plaintiff was promoted to the position of Chief Business Officer in or around 2012. This position was a promotion as her salary was increased and she was moved into the corner executive office of the former Chief Operating Officer, Stephen Freeman.

45. Plaintiff's duties as Chief Business Officer included many of duties previously performed by the former Chief Operating Officer, Stephen Freeman, but also included many of Plaintiff's CFO duties. The position was expanded to include more direct oversight of insurances, purchasing, and vendor negotiations. This position reported directly to the Chief Executive Officer.

46. On or about June 30, 2014, when Plaintiff resigned her position of employment with YAI, she had the title of Chief Business Officer. Throughout Plaintiff's tenure with Defendants, the agency grew from an organization with $14,000,000.00 in annual revenue to an agency with $286,000,000.00 in annual revenue.

47. During her employment with Defendant YAI, by virtue of the positions held and duties performed within those positions, Plaintiff was at all times a "management level employee".

48. Plaintiff held the positions of Assistant Controller, Controller and Chief Financial Officer. These positions were held by a male comparator, Joseph Rut, immediately prior to Plaintiff. Mr. Rut was considered a "management level employee" by the Supplemental Pension Plan and Trust for Certain Management Employees.

49. Plaintiff held the position of Chief Business Officer. The essential duties of this position were held by Stephen Freeman a male comparator. Mr. Freeman was considered a "management level employee" by the Supplemental Pension Plan and Trust for Certain Management Employees. Throughout Plaintiff's employment, she was referred to as being part of Defendant's management team and in all organization charts she was identified as being part of Defendant's management team.

50. Once Plaintiff was promoted to the Chief Financial Officer position in 2006, she was included in weekly Executive management meetings with included Joel Levy, Philip Levy, Steve Freeman, Joseph Rut and Thomas Dern all individuals considered a "management level employee" by the Supplemental Pension Plan and Trust for Certain Management Employees.

51. Under the Trust Plan, YAI maintains a deferred compensation benefits plan governed by ERISA.

52. The purpose of the Trust Plan was for "funding all or a portion of the deferred compensation benefits available under the Plan to participants."

7

53. Article X of the Trust Plan defines "participants" as "an employee who satisfied the eligibility requirements" under the Trust Plan.

54. Pursuant to Article X of the Trust Plan, the eligibility requirements are that: "[e]ach Management Employee who shall complete [fifteen] 15 years of service with the Institute and whose compensation is not fully considered in the computation of Federal Social Security benefits, shall be eligible to participate in the Plan. Entry into the Plan as a Plan Participant shall be on the July 1 coincident with or next following the employee's compliance with the Eligibility Requirements."

55. Under provisions of the Trust, the only express prerequisites to plan participation relate to a management employee's years of employment with YAI.

56. Under Article X, Subsection II of the Trust Plan, the benefit schedule sets forth the percentage of entitlement to each participant based upon the participant's years of service.

57. Pursuant to the terms of the Trust Plan, the minimum threshold for benefits are set at fifteen (15) years of service.

58. Plaintiff began her employment with YAI on December 15, 1986 in the position of Assistant Controller. Upon her hire she was advised by Joseph Rut that the position was a management/director level position by virtue of the duties and responsibilities she was asked to perform and the information she was entrusted to handle. As such, Plaintiff was eligible for a different level of benefits.

59. Upon information and belief, at some time in the history of the Trust Plan, prior to 2007, a secretary by the name of Enid Barbell was considered a "management level employee" by the Supplemental Pension Plan and Trust for Certain Management Employees.

60. On or about December 18, 2007, after Plaintiff vested within the Trust Plan, Defendants amended the Trust Plan effective July 2008, the net effect of which excluded female eligibility and divest Plaintiff of her earned benefits under the plan.

61. Plaintiff was not provided with a copy of the 2007 plan amendment until after she had requested benefits under the plan in June 2014.

62. The 2008 amendments to Article X, Subsection I.2 provide in relevant part, "[e]ffective July 1, 2008, the Plan's sole Participants shall be Joel M. Levy, Phillip H. Levy, Stephen Freeman and Thomas Dern. The benefit being provided in respect of Joseph Rut shall be governed by the version of the Plan in existence on his date of death."

63. Joel M. Levy, Phillip H. Levy, Stephen Freeman, Joseph Rut and Thomas Dern are all male.

64. Joel M. Levy is the former Chief Executive Officer of the Agency.

65. Phillip H. Levy is the former Chief Executive Officer of the Agency.

66. Stephen Freeman held the title of Chief Executive Officer and was the Chief Operating Officer. The Chief Operating Officer Title was eliminated when Plaintiff was promoted to Chief Business Officer.

67. Thomas Dern held the title of Chief Operating Officer and Executive Director.

68. Plaintiff held either identical positions, or performed substantially similar duties and responsibilities for substantially the same length of time as the enumerated plan members.

69. On or around December 2001, Plaintiff satisfied the eligibility requirements to participate in the Trust Plan as she held various management positions for 15 years for Defendant.

9

70. On or around December 2001, Plaintiff became a participant in the Trust Plan pursuant to its terms, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

71. Prior to the 2007 amendments, Plaintiff, by virtue of the management positions held, her years of service and the specific eligibility language of the trust document was a participant in the "Supplemental Pension Plan for Certain Management Employees of Young Adult Institute Trust."

72. Joel Levy, the Executive Director for Respondent YAI, personally advised Plaintiff that she was entitled to participate in the Trust Plan.

73. Despite this fact, pursuant the Trust Plan's express language, participation is not contingent on approval from the Board of Directors of Defendant YAI.

74. In 2007, after Plaintiff had already vested in the compensation benefits plan, Defendants amended the Trust Plan to the exclude female eligibility.

75. In addition, Defendants concealed the exclusion of Plaintiff from the plan by failing to issue copies of the December 2007 amendment to all employees or more specifically, to Plaintiff.

76. Upon the cessation of her employment, Plaintiff requested and was denied benefits under the Trust Plan to which she was entitled and which, by virtue of the express language of the plan, was due and owing. Specifically, Plaintiff requested from the plan Trustees / Administrators that she be paid that which she is entitled to under the plan. Specifically, she requested payment of her benefits from Eliot Green, Chairman of Defendant's Board of Directors and an individual who held himself out to be a Plan Administrator.

77. In an effort to entice Plaintiff to continue her employment with Defendant, Eliot Green advised Plaintiff that she was not treated equivalently to male executives under the plan and indicated that he would attempt to remedy the discriminatory conduct.

78. Plaintiff was verbally advised on or about June 30, 2014 that she was not to receive any benefits from the plan as she was voluntarily leaving the agency and it was felt that she received enough compensation.

79. Plaintiff was not provided with a written response to her request for benefits.

80. No written denial was ever provided to Plaintiff nor was she provided with notice that she had a right to request a review of her claim denial. In addition, no statement of Claimant's right to bring a civil action under the Employee Retirement Income Security Act of 1974 was provided. Pursuant to the revised Plan document 5.4 (B) (iii)(d) the Plan failed to follow the claims procedures and Plaintiff was deemed to have exhausted the administrative remedies available.

81. Joseph Rut, Thomas Dern and Stephen Freeman, YAI male employees, similarly situated both in positions held, duties and responsibilities as well as time with the agency to Plaintiff, participated in the Trust Plan and were afforded benefits.

82. Notwithstanding Plaintiff's 2001 qualification for plan benefits under the plan language, Defendants applied discriminatory criteria, to avoid remitting Plaintiff her entitled benefits and to deny her remuneration that similarly situated males received.

83. Plaintiff was treated substantially different than male comparators in the award of benefits for management level employees.

11

## V.      CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### [Title VII- Sex Discrimination]

84. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

85. Plaintiff belongs to a protected class, namely, female.

86. Defendant YAI created and maintained the Trust Plan for "[e]ach Management Employee who shall complete 15 years of service" with Defendant YAI.

87. The Trust Plan sets fifteen (15) years as the lower limit for participant eligibility.

88. Under Article X, Subsection II of the Trust Plan, the benefit schedule set forth the percentage of entitlement to each participant as based upon the participant's years of service.

89. Pursuant to the terms of the Trust Plan, the minimum threshold for benefits are set at fifteen (15) years of service.

90. On or around December 2001, Plaintiff satisfied the eligibility requirements to be a participant in the Trust.

91. On or around December 2001, Plaintiff became a participant in the Trust pursuant to the terms of the Trust, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

92. In 2007, after Plaintiff was already vested in the compensation benefits plan, Defendants amended the Trust Plan to the exclude female eligibility.

93. Following the cessation of her employment, Plaintiff requested and was denied benefits under the plan to which she was entitled and which by virtue of the express language of the plan were due and owing.

12

94. Upon information and belief, YAI's male employees, similarly situates in position and responsibility to Plaintiff, were participants in the Trust and were afforded benefits.

95. Notwithstanding her participation in the plan, Defendants applied the discriminatory criteria, to avoid remitting Plaintiff her entitled benefits.

### SECOND CLAIM FOR RELIEF
### [NYSHRL - Gender Discrimination]

96. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

97. Plaintiff belongs to a protected class, namely, female.

98. Defendant YAI created and maintained the Trust Plan for "[e]ach Management Employee who shall complete 15 years of service" with Defendant YAI.

99. The Trust Plan sets fifteen (15) years as the lower limit for participant eligibility.

100. Under Article X, Subsection II of the Trust Plan, the benefit schedule set forth the percentage of entitlement to each participant as based upon the participant's years of service.

101. Pursuant to the terms of the Trust Plan, the minimum threshold for benefits are set at fifteen (15) years of service.

102. On or around December 2001, Plaintiff satisfied the eligibility requirements to be a participant in the Trust.

103. On or around December 2001, Plaintiff became a participant in the Trust pursuant to the terms of the Trust, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

104. In 2007, after Plaintiff was already vested in the compensation benefits plan, Defendants amended the Trust Plan to the exclude female eligibility.

105. Following the cessation of her employment, Plaintiff requested and was denied benefits under the plan to which she was entitled and which by virtue of the express language of the plan were due and owing.

106. Upon information and belief, YAI's male employees, similarly situates in position and responsibility to Plaintiff, were participants in the Trust and were afforded benefits.

107. Notwithstanding her participation in the plan, Defendants applied the discriminatory criteria, to avoid remitting Plaintiff her entitled benefits.

### THIRD CLAIM FOR RELIEF
### [NYCHRL - Gender Discrimination]

108. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

109. Plaintiff belongs to a protected class, namely, female.

110. Defendant YAI created and maintained the Trust Plan for "[e]ach Management Employee who shall complete 15 years of service" with Defendant YAI.

111. The Trust Plan sets fifteen (15) years as the lower limit for participant eligibility.

112. Under Article X, Subsection II of the Trust Plan, the benefit schedule set forth the percentage of entitlement to each participant as based upon the participant's years of service.

113. Pursuant to the terms of the Trust Plan, the minimum threshold for benefits are set at fifteen (15) years of service.

114. On or around December 2001, Plaintiff satisfied the eligibility requirements to be a participant in the Trust.

115. On or around December 2001, Plaintiff became a participant in the Trust pursuant to the terms of the Trust, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

116. In 2007, after Plaintiff was already vested in the compensation benefits plan, Defendants amended the Trust Plan to the exclude female eligibility.

117. Following the cessation of her employment, Plaintiff requested and was denied benefits under the plan to which she was entitled and which by virtue of the express language of the plan were due and owing.

118. Upon information and belief, YAI's male employees, similarly situates in position and responsibility to Plaintiff, were participants in the Trust and were afforded benefits.

119. Notwithstanding her participation in the plan, Defendants applied the discriminatory criteria, to avoid remitting Plaintiff her entitled benefits.

### FOURTH CLAIM FOR RELIEF
### [ERISA- 29 U.S.C. § 1132(a)(1)(B)]

120. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

121. The Trust Plan is governed by ERISA and is an "employee benefit plan" as the term is defined as a Section 1002 (3), Chapter 18, Title 29 of the United State Code.

122. Plaintiff was a "participant" in the Trust Plan, as the term is defined by Section 1002 (6), Chapter 18, Title 29 of the United State Code in the Defendants' "employee benefit plan."

123. On or around December 2001, Plaintiff satisfied the eligibility requirements to be a participant in the Trust Plan.

124. On or around December 2001, Plaintiff became a participant in the Trust Plan pursuant to its terms, namely, her fifteen (15) years of employment and was a management employee of Defendant YAI.

125. Plaintiff is entitled to benefits under Article X, Subsection II of the Trust Plan, which set forth the benefit schedule for the percentage of entitlement to each participant based upon the participant's years of service.

126. After the cessation of her employment, Plaintiff properly requested and was wrongfully denied benefits under the Trust Plan to which she was entitled and which by virtue of the express language of the plan were due and owing.

127. No written denial was ever provided to Plaintiff, nor was she provided with notice that she had a right to request a review of the claim denial. In addition, no statement of Claimant's right to bring a civil action under the Employee Retirement Income Security Act of 1974 was provided.

128. Based upon the Plan's inaction, the Plan failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

129. Plaintiff exhausted any and all applicable administrative procedures under the Trust Plan's administrative appeals process.

## VI. DEMAND FOR JURY TRIAL

130. Plaintiff repeats and incorporates by reference the paragraphs above as if the same were set forth at length herein.

131. Pursuant to Fed. R. Civ. P. 38 (b), Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

132. **WHEREFORE**, upon the forgoing facts, Plaintiff prays for the following relief:

    a. in connection to the first (1) through third (3) claim for relief, awarding Plaintiff the value of benefits she is entitled under the Trust Plan;

    b. in connection to the fourth (4) through ninth (9) claim for relief, awarding Plaintiff the value of benefits she is entitled to under the Trust Plan;

  c. enjoining Defendants, its agents, employees, officer, and successors in interest, for engaging in unlawful and discriminatory conduct identified herein;

  d. awarding punitive damages where allowed by statute;

  e. directing Defendants to pay Plaintiff pre and post judgment interest to the extent permitted by statute;

  f. awarding Plaintiff costs and disbursements of this actions, including reasonable attorneys' fees; and

  g. granting to Plaintiff such other and further relief the court deems just and proper.

Dated: Bohemia, New York
    3/23/16

              **ZABELL & ASSOCIATES, P.C.**
              *Attorneys for Plaintiff*

       By: _____
           SAUL D. ZABELL, ESQ.
           One Corporate Drive, Suite 103
           Bohemia, New York 11716
           Tel. (631) 589-7242
           Fax (631) 563-7475
           szabell@laborlawsny.com