UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN WEGMANN,<br><br>               Plaintiff,<br><br>v.<br><br>YOUNG ADULT INSTITUTE, INC., *et al.*,<br><br>               Defendants. | Case No. 1:15-cv-03815-KPF<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1
II. THE ADMINISTRATIVE EXHAUSTION REQUIREMENT ......................................... 3
III. STANDARD FOR MOTION TO DISMISS UNDER 12(b)(6) ......................................... 5
IV. ARGUMENT .............................................................................................................. 6
    A. Ms. Wegmann Failed To Exhaust Administrative Remedies. ............................... 6
        1. Ms. Wegmann Did Not File A Claim For Benefits ......................................... 6
        2. *Davenport*, Not *Halo*, Controls Here. .............................................................. 8
    B. Ms. Wegmann Has Not Alleged Futility. ............................................................ 10
V. CONCLUSION ......................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Amato v. Bernard*, 618 F.2d 559 (9th Cir. 1980) ................................................................ 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 5

*Barnett v. IBM Corp.*, 885 F. Supp. 581 (S.D.N.Y. 1995) ................................................ 7, 10, 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 5

*Bernikow v. Xerox Corp. Long-Term Disability Income Plan*, 517 F. Supp. 2d 646 (W.D.N.Y. 2007) ................................................................................................................ 11

*Borden v. Blue Cross & Blue Shield of W. N.Y.*, 418 F. Supp. 2d 266 (W.D.N.Y. 2006) .............. 6

*Cappiello v. NYNEX Pension Plan*, No. 92 Civ. 3896, 1994 WL 30429 (S.D.N.Y. Feb. 2, 1994) ................................................................................................................................ 7, 8

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ............................................ 5

*Conkright v. Frommert*, 559 U.S. 506 (2010) ................................................................ 4, 5

*Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130 (2d Cir. 2001) ................................ 2, 8, 9, 10

*Denton v. First Nat'l Bank of Waco, Tex.*, 765 F.2d 1295 (5th Cir. 1985), *reh'g denied*, 772 F.2d 904 (5th Cir. 1985) ................................................................................................ 4

*Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215 (2d Cir. 2006) ........................................ 3, 7

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989) ............................................ 5, 8

*Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1 (1987) ...................................................... 4

*Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, No. 14-4055, 2016 WL 1426291 (2d Cir. Apr. 12, 2016) ................................................................................ *passim*

*Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir. 1995) .......................................... 5

*Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588 (2d Cir. 1993) ...................... 3, 4, 10

*LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248 (2008) ............................................ 3

*Monroe-Trice v. UNUM Emp. Short-Term Disability Plan*, No. 00 Civ. 6238, 2002 WL 483312 (S.D.N.Y. Mar. 29, 2002) ................................................................................ 8

*Park v. Trustees of 1199 SEIU Health Care Employees Pension Fund*, 418 F. Supp. 2d 343 (S.D.N.Y. 2005) .................................................................................................. 7, 8, 11

*Rafter v. Liddle*, 704 F. Supp. 2d 370 (S.D.N.Y. 2010) ................................................................. 5

*Shamoun v. Bd. of Trustees*, 357 F. Supp. 2d 598 (E.D.N.Y. 2005) ....................................... 10, 11

*Taylor v. Bakery & Confectionary Union & Indus. Int'l Welfare Fund*, 455 F.Supp. 816 (E.D.N.C. 1978) ......................................................................................................................... 4

*Young-Wolff v. McGraw-Hill Cos.*, No. 13-CV-4372 KMW JCF, 2014 WL 349711 (S.D.N.Y. Jan. 31, 2014) ........................................................................................................................ 5

**Statutes**

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ................................................................. 1, 2, 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 5

**Regulations**

29 C.F.R. § 2560.503–1 ................................................................................................................. 7

29 C.F.R. § 2560.503–1(b) ......................................................................................................... 3, 7

29 C.F.R. § 2560.503-1(*l*) ........................................................................................................... 11

**Other Authorities**

Restatement (Third) of Trusts § 87 (Am. Law Inst. 2007) ............................................................ 5

Defendants Young Adult Institute ("YAI") and the Trustees of the Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute ("Trustees") (collectively, "Defendants"), respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Count IV of Plaintiff Karen Wegmann's Amended Complaint (Dkt. 32) pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  INTRODUCTION

On March 2, 2016, the Court issued an Opinion and Order granting in full Defendants' Motion to Dismiss Ms. Wegmann's initial Complaint, and permitting her to submit a request to replead her claims. Ms. Wegmann did so, and, following oral argument on April 14, 2016 (Dkt. 34, 35),[1] the Court accepted Ms. Wegmann's Amended Complaint, and granted Defendants thirty days to answer or otherwise respond (Dkt. 32, 33).

In her Amended Complaint, Ms. Wegmann brings a claim under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking to obtain "the value of benefits" she says she is "entitled to" under the Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute ("SERP" or "Plan").[2] (Am. Compl. ¶ 132(b).)[3] To resolve this claim, one must initially determine whether Ms. Wegmann was a participant in the SERP in the first place, and, if the answer to that question is yes, whether she is entitled to benefits and in what amount. Both the Plan Document

---

[1] The transcript from the oral argument is abbreviated throughout as "Tr."
[2] The Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute and amendments ("Plan Document") is attached as Exhibit A ("Ex. A") to the Declaration of Michael J. Prame.
[3] Ms. Wegmann additionally brings claims under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Each of these claims is ostensibly aimed at recovering "the value of benefits" she seeks under her ERISA claim. (Am. Compl. ¶ 132(a).) Defendants are not moving at this time to dismiss Ms. Wegmann's Title VII, NYSHRL, and NYCHRL claims, but note that they are predicated on a finding that Ms. Wegmann is a participant in the SERP (see, e.g., Am. Compl. ¶¶ 91, 103, 115), and, thus, could be impacted by the Court's disposition of her ERISA claim.

1

and controlling Second Circuit precedent mandate that the Plan Administrator[4] – not a court – is to decide each of these issues in the first instance, and, in so doing, to develop a written administrative record that is entitled to deference in the event of judicial review. *See* Ex. A at §§ 1.3, 5.4, YAI-Wegmann_000069-74, 90. In frustration of this process, Ms. Wegmann declined to formally present her benefits claim to the Plan Administrator, and now impermissibly presents it to this Court to adjudicate *de novo*.

Accordingly, Defendants move to dismiss Ms. Wegmann's ERISA § 502(a)(1)(B) claim because she still failed to satisfy ERISA's administrative exhaustion requirement. Ms. Wegmann has amended her complaint to advance the following theories as to exhaustion, none of which excuses her failure to complete the Plan's administrative claims process: (1) she was deemed to have exhausted because the SERP did not follow the claims procedure outlined in the Plan document (Am. Compl. ¶ 80); and (2) she was not required to exhaust because she did not receive notice of the claims procedures available to her (Am. Compl. ¶ 80); (Tr. at 9:18-22). At oral argument on her request for leave to amend, her counsel additionally theorized that pursuing the SERP's claims procedures would have been futile. (Tr. 16:4-22, 17:15-21.)

Each of these theories fails. The first fails because Ms. Wegmann did not initiate the SERP's benefits claims procedures in the first place. (Am. Compl. ¶ 76.) The second fails because it is foreclosed by the Second Circuit's holding in *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 134 (2d Cir. 2001), which flatly rejected the argument that a claimant who may lack notice of a plan's claims procedures is excused from the exhaustion requirement. Finally, the third fails because Ms. Wegmann does not allege futility in her Amended Complaint, and

---

[4] Defendants note that YAI, through its Board of Directors, serves as the Plan Administrator. *See* Ex. A at § 1.3, YAI-Wegmann_000090. Ms. Wegmann incorrectly identifies the Trustees as the Plan Administrator. (Am. Compl. ¶ 16.)

2

none of the purported facts she does plead provide a basis for a finding of futility. For these reasons, Count IV of Ms. Wegmann's Amended Complaint should be dismissed.

## II. THE ADMINISTRATIVE EXHAUSTION REQUIREMENT

Employers may, but are not required to, establish employee benefit plans. In the event an employer elects to establish such a plan, U.S. Department of Labor regulations impose an "[o]bligation to establish and maintain . . . reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations." 29 C.F.R. § 2560.503–1(b). Where an employer has a reasonable claims procedure in place, ERISA requires "that plan participants avail themselves of these procedures before turning to litigation." *Eastman Kodak Co.* v. *STWB, Inc.*, 452 F.3d 215, 219 (2d Cir. 2006); *Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, No. 14-4055, 2016 WL 1426291, at *11 (2d Cir. Apr. 12, 2016) ("[T]he judicially created exhaustion requirement . . . mandates claimants to pursue their claims through their plan's claims procedure before filing an ERISA Section 502(a)(1)(B) suit in federal court."). The Second Circuit has "recognized 'the firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.'" *Halo*, 2016 WL 1426291, at *11 (quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993)).

"Among other things, administrative exhaustion is a 'safeguard [that] encourage[s] employers and others to undertake the voluntary step of providing medical and retirement benefits to plan participants.'" *Halo*, 2016 WL 1426291, at *11 (quoting *LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 259 (2008) (Roberts, C.J., concurring)). The "primary purposes" of the exhaustion requirement are to:

- "uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts;"
- "provide a sufficiently clear record of administrative action if litigation should ensue;"

3

- "assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*;"
- "help reduce the number of frivolous lawsuits under ERISA;"
- "promote the consistent treatment of claims for benefits;"
- "provide a nonadversarial method of claims settlement;" and
- "minimize the costs of claims settlement for all concerned."

*Kennedy*, 989 F.2d at 594 (quoting *Denton v. First Nat'l Bank of Waco, Tex.*, 765 F.2d 1295, 1300-01 (5th Cir. 1985), *reh'g denied*, 772 F.2d 904 (5th Cir. 1985); *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980)).

In particular, courts have recognized that exhaustion "is necessary to keep from turning every ERISA action, literally, into a federal case" by preventing "premature judicial intervention in [the plan administrators'] decision-making process." *Denton*, 765 F.2d at 1300-01 (quoting *Amato*, 618 F.2d at 567). The exhaustion requirement thus eases the financial burden for employers, who would otherwise be discouraged from offering employee benefit plans. *See, e.g.*, *Conkright v. Frommert*, 559 U.S. 506, 517 (2010) (deferential standard applied to judicial review of benefits determinations promotes uniformity by "helping to avoid a patchwork of different interpretations of a plan . . . that covers employees in different jurisdictions—a result that '***would introduce considerable inefficiencies in benefit program operation, which might lead those employers with existing plans to reduce benefits, and those without such plans to refrain from adopting them***.'") (emphasis added) (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11 (1987)); *Taylor v. Bakery & Confectionary Union & Indus. Int'l Welfare Fund*, 455 F.Supp. 816, 820 (E.D.N.C. 1978) ("If claimants were allowed to litigate the validity of their claims before a final . . . decision [by the plan administrator] was rendered, the costs of dispute settlement would increase markedly for employers.").

Because the exhaustion requirement contemplates that the plan administrator will make any benefit determination in the first instance, a court reviewing a benefits determination

4

generally will not make a *de novo* determination, but rather would apply an "arbitrary and capricious" standard of review. *See Conkright*, 559 U.S. at 512; *Halo*, 2016 WL 1426291, at *6-*7 ("[w]hen a trustee has discretion with respect to the exercise of a power, its exercise is subject to supervision by a court only to prevent abuse of discretion.") (quoting Restatement (Third) of Trusts § 87 (Am. Law Inst. 2007); citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)).

### III.     STANDARD FOR MOTION TO DISMISS UNDER 12(b)(6)

"Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff has failed to offer sufficient factual allegations to make the asserted claim plausible on its face." *Rafter v. Liddle*, 704 F. Supp. 2d 370, 374 (S.D.N.Y. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a 12(b)(6) motion, a court must "accept[] the factual allegations in a complaint as true and draw[] all reasonable inferences in the plaintiff's favor." *Id.* However, a court need not credit conclusory allegations if "they are belied by more specific allegations of the complaint" or any other materials properly considered on the motion. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In ruling on a 12(b)(6) motion, a court is "generally limited to the facts presented in the complaint." *Young-Wolff v. McGraw-Hill Cos.*, No. 13-CV-4372 KMW JCF, 2014 WL 349711, at *2 (S.D.N.Y. Jan. 31, 2014). The complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "If a plaintiff does not attach or incorporate by reference documents that are integral to the Complaint, the court

5

may consider those documents without converting the motion to one seeking summary judgment." *Borden v. Blue Cross & Blue Shield of W. N.Y.*, 418 F. Supp. 2d 266, 273 (W.D.N.Y. 2006) (considering ERISA plan document on motion to dismiss, reasoning, "Although Plaintiff did not attach a copy of the Plan to his Complaint, he references the Plan therein, and it is clearly essential to this Court's analysis.").

## IV.     ARGUMENT

### A.     Ms. Wegmann Failed To Exhaust Administrative Remedies.

In Count IV of her Amended Complaint, Ms. Wegmann sets forth a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). This claim should be dismissed with prejudice because Ms. Wegmann failed to exhaust the administrative remedies provided for under the SERP.

#### 1.     Ms. Wegmann Did Not File A Claim For Benefits.

Ms. Wegmann alleges that she "was deemed to have exhausted the administrative remedies available" under the SERP because "[p]ursuant to the revised Plan document 5.4(B)(iii)(d) the Plan failed to follow the claims procedures and Plaintiff was deemed to have exhausted the administrative remedies available."[5] (Am. Compl. ¶¶ 80, 128.) This theory fails because Ms. Wegmann never filed an initial claim for benefits in the first place. Instead of making proper use of the SERP's claims procedures, she now impermissibly asks the Court to adjudicate her benefits claim in the first instance.

As set forth above, U.S. Department of Labor regulations require an employee benefit plan to establish and maintain a reasonable benefit claims procedure. *See* 29 C.F.R. § 2560.503–

---

[5] The Amended Complaint incorrectly cites Section 5.4(d) of the SERP as "5.4(B)(iii)(d)." (Am. Compl. ¶ 80.)

6

1(b).[6] Where such a procedure is in place, plan participants must "avail themselves of these procedures before turning to litigation." *Eastman Kodak Co.*, 452 F.3d at 219; *Halo*, 2016 WL 1426291, at *11. To do so, participants must formally present benefits claims to the plan administrator using the procedure specified in the plan. This Court has recognized the importance of such formal presentation to ERISA's remedial scheme:

> [I]f an informal or unsubstantiated denial of a "claim" that was never filed or formally presented is reviewable in the federal courts, then, in such situations, the courts and not ERISA trustees will be primarily responsible for deciding claims for benefits. In such situations, there is not a sufficiently clear record of administrative action to support effective judicial review and it is difficult, if not impossible, for a court to apply an arbitrary and capricious standard of review rather than engaging in review de novo.

*See Barnett v. IBM Corp.*, 885 F. Supp. 581, 588 (S.D.N.Y. 1995); *see, e.g.*, *Cappiello v. NYNEX Pension Plan*, No. 92 Civ. 3896, 1994 WL 30429, at *3 (S.D.N.Y. Feb. 2, 1994) (granting judgment where plaintiff did not offer evidence of any prior written request for review of benefits claim, arguing only that her union representative informally pursued her claims and she was told verbally that there had been an unsuccessful review of her case); *Park v. Trustees of 1199 SEIU Health Care Employees Pension Fund*, 418 F. Supp. 2d 343, 355-57 (S.D.N.Y. 2005) (claimant did not exhaust administrative remedies where it "never filed an application for benefits").

Ms. Wegmann does not plausibly allege that she invoked the SERP's claims procedure in the first place. Section 5.4(a) of the SERP provides that, "A Participant . . . who believes he or she is entitled to any Plan benefit under this Plan may ***file a claim*** with the Administrator." Ex. A at YAI-WEGMANN-000070 (emphasis added). Although she makes a conclusory allegation that she "properly requested . . . benefits under the [SERP]," (Am. Compl. ¶ 126), Ms. Wegmann

---

[6] Here, it is undisputed that the SERP established a reasonable claims procedure consistent with 29 C.F.R. § 2560.503–1.

does not allege that she ever filed an initial claim for benefits as Section 5.4(a) of the SERP requires. The only step she alleges she took was to informally request benefits (Am. Compl. ¶ 76) ("[Plaintiff] requested payment of her benefits from Eliot Green, Chairman of Defendant's Board of Directors and an individual who held himself out to be a Plan Administrator"). But an informal request is not enough to satisfy the exhaustion requirement. *See Park*, 418 F. Supp. 2d at 356 ("allowing a plaintiff to proceed on the basis of a claim never filed with or determined by the plan administrator would frustrate the purposes of the exhaustion requirement") (quoting *Monroe-Trice v. UNUM Emp. Short-Term Disability Plan*, No. 00 Civ. 6238, 2002 WL 483312, at *5 (S.D.N.Y. Mar. 29, 2002)); *Cappiello*, 1994 WL 30429, at *3.

Ms. Wegmann's claim, if allowed to proceed, would frustrate the purposes of the exhaustion requirement. Ms. Wegmann's failure to file a claim for benefits denied the Plan Administrator its right to adjudicate that claim in the first instance, and to develop a supporting administrative record that would have been entitled to deference upon judicial review. *See Halo*, 2016 WL 1426291, at *6 (where the benefit plan "'gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan' . . . an arbitrary and capricious standard applies" to "a denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B).") (quoting *Firestone*, 489 U.S. at 115). Defendants respectfully submit that it would be error for the Court to do as Ms. Wegmann asks—to usurp the role of the Plan Administrator and adjudicate her benefits claim *de novo*. The SERP, consistent with ERISA, tasks the initial determination to the Plan Administrator, and the Court should not hold otherwise in light of the controlling Second Circuit precedent discussed herein.

2.  <u>*Davenport*, Not *Halo*, Controls Here.</u>

Ms. Wegmann's theory that she was not required to exhaust because she did not receive notice of the claims procedures available to her (Am. Compl. ¶ 80; Tr. at 9:18-22) is foreclosed

8

by *Davenport v. Harry N. Abrams*, 249 F.3d 130 (2d Cir. 2001). There, the Second Circuit affirmed the district court's dismissal of a benefits claim for lack of administrative exhaustion, rejecting the plaintiff's argument that "she lacked access to the claims procedures:"

> Even if plaintiff was unaware of her remedies under the plan prior to the institution of this action, ***she became aware of them now and yet inexcusably has failed to avail herself of them***. A dismissal for failure to exhaust would promote the purposes of [ERISA] by enabling the plan committee to perform the function that Congress contemplated that it would perform.

*Id.* at 134 (emphasis added). In other words, the Second Circuit found that the plaintiff "was required to exhaust even if she was ignorant of the proper claims procedure." *Id.* Likewise here, Ms. Wegmann has been "represented by counsel throughout" this litigation, but "never attempted to file a claim for benefits." *Davenport*, 249 F.3d at 134.

Ms. Wegmann's reliance on *Halo* is misplaced. *Halo* addressed a scenario, distinct from this one, where the defendant plan allegedly failed to follow a reasonable claims procedure ***after a formal claim was initially submitted***. There, the Second Circuit held: "[W]hen denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503–1, will result in that claim being reviewed *de novo* in federal court . . . ." *Halo*, 2016 WL 1426291, at *14. By contrast, *Davenport* addresses a scenario like Ms. Wegmann's, where the claims procedure was never properly invoked in the first place. Simply put, Ms. Wegmann cannot rely on *Halo* because she never initiated the benefit claims procedure, as *Davenport* and a host of other authority requires. For these reasons, the Court should dismiss Ms. Wegmann's benefits claim with prejudice for failure to exhaust. In the alternative, Defendants request that the Court stay this action for six months to permit Ms. Wegmann to submit a formal claim for benefits and exhaust the administrative remedies available under the SERP.

### B. Ms. Wegmann Has Not Alleged Futility.

To the extent Ms. Wegmann is claiming that it would have been futile to have exhausted administrative remedies under the Plan, that claim fails because she has not plausibly alleged futility. In fact, she has not alleged it at all.

A claimant may be excused from exhaustion where pursuing a claim through administrative means would be futile. However, a court will "excuse an ERISA plaintiff's failure to exhaust only '[w]here claimants make a *clear and positive showing* that pursuing available administrative remedies would be futile.'" *Davenport*, 249 F.3d at 133 (emphasis in original) (quoting *Kennedy*, 989 F.2d at 594). "Usually, the futility exception is applied in a context in which there has been, in some form, an unambiguous application for benefits and a formal or informal administrative decision denying benefits and it is clear that seeking further administrative review of the decision would be futile." *Barnett*, 885 F. Supp. at 588. In such circumstances, "***some record for review has been established*** and the futility exception excuses the plaintiff from clearly unproductive efforts because no further purpose would be served by requiring further exhaustion." *Id.* (emphasis added).

Significantly, courts have held that "[t]he threshold required by the futility exception is very high and informal representations of the views of a committee are not a sufficient basis for claiming futility"—"[i]ndeed, to find allegations of oral representations by management as to a 'claim' for benefits that was never filed sufficient to establish futility would render the exhaustion requirement meaningless." *Shamoun v. Bd. of Trustees*, 357 F. Supp. 2d 598, 605-06 (E.D.N.Y. 2005). In *Barnett*, for example, this Court held that the plaintiff's allegations that "management employees of defendant informed [plaintiff] that defendant had undertaken on its own to review whether [plaintiff] would be eligible for disability benefits and had determined that any application would be denied" were "not sufficient to establish futility." *Barnett*, 885 F.

Supp. at 587. The court reasoned that, "Allowing judicial review in such situations would encourage frivolous lawsuits by allowing plaintiffs to sue upon the mere pleading of a *de facto* denial of an unfiled claim, would discourage settlement of claims, and would likely increase the costs of claims settlement." *Id.* at 588; *see also Bernikow v. Xerox Corp. Long-Term Disability Income Plan*, 517 F. Supp. 2d 646, 652 (W.D.N.Y. 2007) ("[T]he mere fact that an administrator denied a claim cannot be sufficient to prove that an appeal would have been futile."). Accordingly, "[C]ourts in this Circuit generally will not apply the futility doctrine where the plaintiff has not submitted an application for benefits under the ERISA plan." *Park*, 418 F. Supp. 2d at 355-56 (collecting cases).

Here, like the plaintiffs in *Barnett* and *Shamoun*, Ms. Wegmann merely points to oral representations by some unspecified party regarding her benefits. *See* (Am. Compl. ¶ 78) ("Plaintiff was verbally advised on or about June 30, 2014 that she was not to receive any benefits from the plan as she was voluntarily leaving the agency and it was felt that she received enough compensation."). As the above-cited authority makes clear, this is not enough to establish futility. Moreover, Ms. Wegmann conflates administrative exhaustion with futility when she invokes Section 5.4(d) of the SERP. Regarding that section, her counsel stated at oral argument:

> It says she did exhaust because, in essence, it would have been futile to proceed because the plan didn't comply with their obligations; not that they said futile, but they talk about the same standard -- the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim, which is the essence of futility.

(Tr. 17:15-21) (citing Plan Document § 5.4(d), *Halo*, 2016 WL 1426291, at *14). But Section 5.4(d) of the SERP, like 29 C.F.R. § 2560.503-1(*l*), speaks to exhaustion, not futility. Moreover, as Ms. Wegmann's counsel acknowledged, the Second Circuit in *Halo* did not address futility.

11

Under *Halo*, a plan's failure to provide a reasonable claims procedure "will result in that claim being reviewed *de novo* in federal court," unless the plan meets certain exceptions. *Halo*, 2016 WL 1426291, at *14. *Halo* did not hold that such a failure effectively amounts to futility, nor did it go against the weight of applicable authority and hold that a plaintiff who did not make an application for benefits may proceed under the futility doctrine.

## V. CONCLUSION

For the reasons set forth above, Count IV of Ms. Wegmann's Amended Complaint should be dismissed in its entirety with prejudice.

Dated: May 16, 2016

Respectfully Submitted,

*/s/ Michael J. Prame*
Michael J. Prame
Natasha S. Fedder
Groom Law Group, Chartered
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
(T) 202-861-6633
(T) 202-861-5437
(F) 202 659-4503
mprame@groom.com
nfedder@groom.com

*Attorneys for Defendants Young Adult Institute and the Trustees of the Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute*

# CERTIFICATE OF SERVICE

I certify that on May 16, 2016, I filed in this action the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT** electronically via the Court's ECF System. Notice of this filing will be sent in this action by operation of the Court's electronic system to all counsel of record in the ECF System.

Respectfully Submitted,

*/s/ Michael J. Prame*
Michael J. Prame
Groom Law Group, Chartered
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
(T) 202-861-6633
(F) 202 659-4503
mprame@groom.com

*Attorney for Defendants Young Adult Institute and the Trustees of the Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute*