UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAREN WEGMAN,

                 Plaintiff,

                 -against-

YOUNG ADULT INSTITUTE, INC., and
TRUSTEES OF THE SUPPLEMENTAL
PENSION PLAN FOR CERTAIN
MANAGEMENT EMPLOYEES OF YOUNG
ADULT INSTITUTE,

                 Defendants.
------------------------------------------------------------x

Case No.: 15-cv-03815 (KPF)

# MEMORANDUM OF LAW SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT

SAUL D. ZABELL, ESQ.
Zabell & Associates, P.C.
*Attorneys for Plaintiff*
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.:  (631) 589-7242
Fax.:  (631) 563-7475
szabell@laborlawsny.com

June 15, 2016

# TABLE OF CONTENTS

Preliminary Statement ............................................................................. 1

I. Procedural History ............................................................................. 1

II. Factual Overview ............................................................................. 1

III. Applicable Legal Standard ............................................................. 3

IV. Argument ....................................................................................... 4

    A. Plaintiff Exhausted Administrative Remedies ........................... 4

        1. Plaintiff is a Participant under the Plan............................... 5

        2. Lack of Formal Claim Procedure in the Plan ..................... 7

        3. *Halo*, not *Davenport*, Should Control ............................... 10

    B. Futility Has Been Established ..................................................... 11

V. Conclusion ...................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Yungkau*, 329 US 482 (1947).................................................................. 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................... 3, 4

*Barnett v. IBM Corp.*, 885 F. Supp. 581 (S.D.N.Y. 1995) ................................... 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................... 3

*Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130 (2d Cir. 2001) ...................... 10, 11

*ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, (2d Cir. 2009) .................................................................................. 3

*Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) ................................................. 3

*Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, No. 14-4055, 2016 WL1426291 (2d Cir. Apr. 12, 2016) ......................................................... 10, 12

*Hertz Corp. v. City of New York*, 1 F.3d 121 (2d Cir. 1993) ................................. 4

*In re NYSE Specialists Secs. Litig.*, 503 F.3d 89 (2d Cir. 2007) .............................. 4

*Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588 (2d Cir. 1993) ..................12

*Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639 (E.D.N.Y. 2012).. 3

*Nichols v. Prudential Ins. Co. of America*, 406 F. 3d 98 (2d Cir. 2005) ....................... 10

*Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435 (2d Cir. 2006) ........................ 4

*Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) ............................. 3

*Shamoun v. Bd. of Trustees*, 357 F.Supp.2d 598 (E.D.N.Y. 2005) .............................. 9, 10

*Sharkey v. Ultramar Energy Ltd.*, 70 F.3d 226 (2d Cir. 1995)............................... 10

*United States v. Thoman*, 156 U.S. 353 (1895) ..................................................... 8

*Zinermon v. Burch*, 494 U.S. 113 (1990) ............................................................3

**Statutes**

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ................................................. 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 5

**Regulations**

29 C.F.R. § 2560.503-1 ........................................................................................ 8, 10

29 C.F.R. 2560.503-1(e) ....................................................................................... 8

## PRELIMINARY STATEMENT

Plaintiff, **KAREN WEGMANN** ("Plaintiff"), by and through her attorneys, Zabell & Associates P.C., respectfully submits this memorandum of law in opposition to the Motion to Dismiss Count IV of the Amended Complaint brought pursuant to Fed. R. Civ. P. 12(b)(6), by Defendants, **YOUNG ADULT INSTITUTE INC. AND TRUSTEES OF THE SUPPLEMENTAL PENSION PLAN FOR CERTAIN MANAGEMENT EMPLOYEES OF YOUNG ADULT INSTITITE** ("Defendants"). For all the reasons set forth herein, Defendants' Motion should be denied in its entirety and a discovery schedule should be established without further delay.

## I. PROCEDURAL HISTORY

On or about October 13, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC"). In turn, the EEOC issued a Notice of Right to Sue on March 27, 2015, bearing the EEOC charge number 520-2015-00195.

Plaintiff commenced the instant action by filing a Complaint on or about May 18, 2015. *See* ECF Doc. 1. Defendants moved to dismiss on August 28, 2015. *See* ECF Doc. 19. Thereafter, Plaintiff filed an Amended Complaint on or about April 15, 2016. *See* ECF Doc. 32, Counsel for all parties appeared for oral argument on April 14, 2016. Counsel for Defendants filed the instant Motion to Dismiss Count IV of Plaintiff's Amended Complaint on May 16, 2016. *See* ECF Doc. 36. For the reasons set forth herein, Defendants' motion should be denied in its entirety.

## II. FACTUAL OVERVIEW

Although the facts are discussed in greater detail in the Amended Complaint, we provide the following overview. *See* Amended Complaint, ECF Doc. 32, ¶¶ 30-83. On or about December 15, 1986, Plaintiff began working as an Assistant Controller for Defendants. *Id.* at ¶ 30. Plaintiff served as Assistant Controller for approximately six (6) years until 1992. *Id.* at ¶ 34. In total,

1

Plaintiff worked for Defendants for 27.5 years. *Id.* at ¶ 35. During her tenure, Plaintiff held other titles such as Controller, Controller / Director of Finance, Chief Financial Officer, and Chief Business Officer. *Id.*

In 2006, Plaintiff was promoted to Chief Financial Officer. At this point, she began participating in weekly executive management meetings which included Joel Levy, Philip Levy, Steve Freeman, Joseph Rut and Thomas Dern. These male peers were considered "management level employees" in the Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute (hereinafter, "SERP" or "Plan"). In or around 2012, Plaintiff was promoted to Chief Business Officer. In this role, Plaintiff reported directly to the Chief Executive Officer. On or about June 30, 2014, Plaintiff resigned from her Chief Business Officer position of employment with YAI.

Defendants' Plan is a deferred compensation benefits plan for certain executive-level employees. Plaintiff held either identical positions, or performed similar duties and responsibilities for substantially the same length of time as other plan members. Plaintiff satisfied the eligibility requirements to participate in the Plan after she held management positions for 15 years for Defendants as of July 1, 2002.

Joel Levy, the Defendant YAI's Executive Director, personally advised Plaintiff that she was entitled to participate in the Plan. Plaintiff requested her benefits directly from Eliot Green, the Chairman of Defendants' Board of Directors and an individual who held himself out to be a Plan Administrator at the time her employment with Defendants ended. Plaintiff was denied benefits under the Plan to which she was entitled. Eliot Green advised Plaintiff that she was not treated in a manner similar to male executives under the Plan and indicated that he would attempt to remedy the discriminatory conduct.

2

On or about June 30, 2014, Defendants verbally advised Plaintiff that she would not to receive any benefits from the Plan. Defendants provided neither a written response to Plaintiff's request for benefits, nor a written denial to Plaintiff. Moreover, Defendants failed to advise Plaintiff that she had a right to request a review of her claim denial. Finally, Defendants failed to provide Plaintiff with a statement of Claimant's right to bring a civil action under the Employee Retirement Income Security Act of 1974 (hereinafter, ERISA).

### III.  Applicable Legal Standard

"Under the now well-established *Twombly* standard, '[t]o survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 646 (E.D.N.Y. 2012) (citing *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009)).

This "'plausibility standard,' [] is guided by '[t]wo working principles . . . .'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris*, 572 F.3d at 72 (2d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "'Second, only a Complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Harris*, 572 F.3d at 72 (2d Cir. 2009) (citing *Iqbal*, 556 U.S. at 679). "Thus, '[w]hen there are well-pleaded factual allegations, a court should assume their

3

veracity and . . . determine whether they plausibly give rise to an entitlement of relief.'" *Mendez*, 840 F. Supp. 2d at 646 (citing *Iqbal*, 556 U.S. at 679).

"In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the Complaint and draws all reasonable inferences in the Plaintiff's favor." *Mendez*, 840 F. Supp. 2d at 646 (citing *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007)). "Only if this Court is satisfied that 'the complaint cannot state any set of facts that would entitle the plaintiff to relief' will it grant dismissal pursuant to Fed. R. Civ. P. 12(b)(6)." *Mendez*, 840 F. Supp. 2d at 646 (citing *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993)). In applying these standards, Plaintiff sets forth a valid claim and corresponding entitlement for relief. Plaintiff easily satisfies her burden because she establishes a *prima facie* case. Therefore, Defendants' Motion to Dismiss Count IV must be denied and the Court should establish a deadline by which the parties must complete discovery.

## IV.    ARGUMENT

### DEFENDANTS' ARGUMENT FAILS AS A MATTER OF LAW

#### A. Plaintiff Exhausted Administrative Remedies

In Count IV, Plaintiff argues she is entitled to benefits under the Plan under 29 U.S.C. § 1132 (a)(1)(B) which states, "A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

At the outset, it must be noted that the Second Circuit has held that "a 'claim-processing' administrative exhaustion requirement is an affirmative defense **and not a jurisdictional bar**." *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 444-446 (2d Cir. 2006) (emphasis added). In their Memorandum of Law, Defendants mischaracterize exhaustion as a requirement by stating,

4

"[Plaintiff's] claim, if allowed to proceed, would frustrate the purposes of the exhaustion requirement." *See* Memorandum of Law, 8.

During oral argument, Defendants stated there was no chance that Plaintiff would be put into the Plan. Tr. 27, 16-21. Accordingly, it is unreasonable to suggest as Defendants now do, that Plaintiff should be forced to further exhaust her administrative remedies at this juncture.

Based on the language of the Plan, Plaintiff automatically became eligible for benefits as of July 1, 2002. Plaintiff also discussed her eligibility with Joel Levy and Eliot Green. Upon her resignation, Plaintiff made an oral application for benefits to which she had a vested right. The governing Plan document is silent as to the form of the application and thus Plaintiff's oral application is sufficient. Defendants never provided a written denial to Plaintiff. Accordingly, and based on the lack of reasonable claim procedure, Plaintiff exhausted all procedures available under the Plan.

### 1. Plaintiff is a Plan Participant

Plaintiff qualifies as a participant under the Plan. Plaintiff began working for Defendants on or about December 15, 1986. Specifically, pursuant to the language of the Plan found in § 10.1.2,

> each management employee who shall complete 15 years of service with the Institute and whose compensation is not fully considered in the computation of Federal Social Security benefits, shall be eligible to participate in the Plan. Entry into the Plan as a Plan Participant shall be on the July 1 coincident with or next following the employee's compliance with the Eligibility Requirements. *See* Ex. A at § 10.1.2, YAI-Wegmannn 000029.

Accordingly, Plaintiff became a benefit-eligible plan member under the Plan as of July 1, 2002 after the successful completion of 15 years of service with Defendants.

Defendants claim Plaintiff misidentified the Trustees as the Plan Administrator. (*See* Defendants' Memorandum of Law, 2, fn 4.) Defendants state, "YAI, through its Board of

5

Directors, serves as the Plan Administrator" and references § 1.3 of the Plan. *Id.* However, § 1.3 is labeled "Committee" and states, "The Institute shall act [] "Administrator" and be responsible for the general administration of the Plan, subject to the overall authority and review of the Pension Retirement Committee (the "Committee") of the Board of Trustees of the Young Adult Institute (the "Board"). Later on in the Plan documents, § 5.1 is labeled "Administration" and explicitly states, "The Trustees shall act from time to time directly or through the Administrator, and such action may be taken either at a meeting or in writing without a meeting." Therefore, § 1.3 ostensibly states the Institute, as a whole, will act as the Administrator and not just the Trustees as explained in § 5.1. This inconsistency is significant because Defendants attack the manner in which Plaintiff requested her benefits. The existence of such a contradiction confirms the absence of formal procedure in the Defendants' Plan.

Moreover, at oral argument on April 14, 2016, Defendants conceded "the plan document does not define the term management employee." (*See* Transcript (hereinafter "Tr.") at 26, 17-18). Defendants also state, "There is not a definition section that puts that forward." (*Id.*, 18-19). Defendants are correct that the term or phrase "management employee" is not defined. However, the Plan contains a definition section found in Article X. Consequently, through the drafter's omissions, Defendants failed to define this term that is central to the analysis. Even absent a formal definition of the term, it can be readily inferred that Plaintiff was a management-level employee based on employee comparators, organizational charts, and Plaintiff's participation in weekly executive management meetings comprised of "management employees" all of whom were covered by the SERP. *See* Amended Complaint, ECF Doc. 32, ¶ 49-50.

Since Plaintiff worked for Defendants as a "management employee" and successfully completed more than 15 years of service, it is conclusively demonstrated that she complied with

the Eligibility Requirements contained in § 10.1.2. Therefore, Plaintiff was, at all relevant times, a participant under the Plan.

### 2. Lack of Formal Claim Procedure in the Plan

This Court should reject Defendants' argument that Plaintiff failed to initiate the SERP benefits claim procedure. To the contrary, Plaintiff requested receipt of benefits she had already vested in by the language of the Plan directly from Eliot Green. *See* Amended Complaint, ECF Doc. 32, ¶ 76. As discussed *supra*, based on the express language of § 1.3, it was reasonable for Plaintiff to confer with Mr. Green because he serves as the Chairman of the Board of Directors of YAI. Furthermore, it was also reasonable for Plaintiff to believe that Mr. Green was vested with the requisite authority to make determinations with regard to the SERP because he held himself out as having said authority and as Chairman of the Board, Defendants concede that the Board serves as the Plan Administrator.

Tellingly, the Plan lacks a formal claim procedure to guide an individual as to how to file a claim. In fact, at no point in time relevant to this dispute was there a written procedure describing claim filing procedures prior to the December 18, 2008 amendment. It is critical to note that even after this most recent amendment, there is no clear requirement for a written claim. Specifically,

> **§ 5.4(a) "Initial Claim." A participant or beneficiary (hereinafter referred to as a "Claimant") who believes he or she is entitled to any Plan benefit under this Plan may file a claim with the Administrator. The Administrator shall review the claim itself or appoint an individual or an entity to review the claim.** (*See* Defendants' Exhibit A YAI-Wegmannn 000070.)

This section conspicuously uses a permissive term "may" rather than a compulsory terms "shall" or "must." Furthermore, the section does not explicitly mandate claims be written. In contrast, § 5.4(a)(iii) "Manner and Content of Denial of Initial Claims" states, "If the administrator

7

denies a claim, it must provide to the Claimant **in writing or by electronic communication**: (A) The specific reasons for the denial." *Id.* (emphasis added.)

The distinction between the words "may" and "must" is central in the analysis here. In *Anderson v. Yungkau*, Justice Douglas observed, "And when the same Rule uses both 'may' and 'shall,' the normal inference is that each is used in its usual sense – the one act being permissive, the other mandatory. *Anderson v. Yungkau*, 329 US 482, 485 (1947); citing *United States v. Thoman*, 156 U.S. 353, 360 (1895). The same rationale applies for the SERP in the instant action. On one hand, the Plan fails to delineate a mandatory written procedure for a claimant filing her initial claim. On the other hand, the Administrator is obligated to provide a written or electronic communication setting forth a denial. Although Defendants argue that § 5.4 "contemplates a written procedure," (Tr. 26, 1-2) it is axiomatic that had the drafter actually intended a written procedure, the "Initial Claim" section would also require a written communication.

Notwithstanding the foregoing, Defendants argue "it is undisputed that the SERP established a reasonable claims procedure consistent with 29 C.F.R. § 2560.503-1." Defendants' Memorandum of Law, 2, fn 6. This regulation states, in relevant part, "[F]or purposes of this section, a claim for benefits is a request for a plan benefit or benefits made by a claimant in accordance with a plan's reasonable procedure for filing benefit claims." Plaintiff notes that prior to the 2008 amendment, there was no formal claim procedure. According to the amendment language, Plaintiff properly filed a claim and discussed her eligibility with the Administrator namely, Mr. Green. Therefore, Plaintiff acted reasonably under the governing regulation. Under the 29 C.F.R. 2560.503-1(e) "Claim for benefits" section, Plaintiff made a reasonable request.

In contrast, while Defendants allege that Plaintiff's oral statements alone are insufficient, the oral statements in the case cited are factually distinct. For instance, Defendants compare

8

Plaintiff to the Plaintiff in *Shamoun v. Bd. of Trustees*. This case is distinguishable from *Shamoun* because there was no formal application procedure in Defendants' Plan. However, in *Shamoun*, the Plan "sets forth internal procedures for claims for benefits." *Shamoun v. Bd. of Trustees*, 357 F.Supp.2d 598, 603 (E.D.N.Y. 2005). The application in *Shamoun* contained the following language:

> To apply for benefits ... contact the Fund Office at least three months before you want your pension to begin. This will give the Trustees sufficient time to advise you as to the options available to you and allow you, after you have been advised, to select the form of pension you wish to receive
> How do I apply for my pension? The Pension Fund has an application form which you must complete. You may obtain this form from the Fund Office. If your application for benefits is denied, in whole or in part, you will be given a written notice stating the reason for the denial and informing you of any additional information needed for further consideration of your claim. If you disagree with the denial, you will have 60 days in which to request, in writing, a review of your claim. At that time, the review procedure will be explained to you in detail. *Id.* at 603-604.

Clearly, the plan in *Shamoun* defined the application process. In addition, the *Shamoun* Plan plainly stated a written "application" form was required to complete the claim procedure. In contrast, the language in Defendants' Plan is at best nebulous and contains no such mandate.

Yet another distinction is that the purported claimant in *Shamoun* made oral statements to a Union President notwithstanding, and in clear contradiction to the written procedure. The Union President represented to Shamoun "that he was **not entitled to retirement benefits...**" *Id.*, 600 (emphasis added). Conversely, in the instant action, Plaintiff made her oral statements to Mr. Green, the Chairman of the Board, who administers the Plan, and these statements occurred in the absence of a written procedure. Plaintiff also discussed her eligibility with Joel Levy, a member of Defendants' management, a Plan participant, and former Administrator of the Plan, who stated that **Plaintiff was entitled to participate in the Plan.** *See* Amended Complaint, ECF Doc. 32, ¶

72 (emphasis added). Accordingly, there exists no proper basis for Defendants to interpret *Shamoun* as being in any way analogous to this case.

### 3. *Halo*, not *Davenport*, Should Control

While Defendants will invariably argue Plaintiff never filed a proper initial claim, Defendants fail to consider they never submitted a written denial as required under their own Plan. This year, the Second Circuit held,

> [W]hen denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503-1, will result in that claim being reviewed *de novo* in federal court, unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent and harmless. Moreover, the plan 'bears the burden of proof on this issue since the party claiming deferential review should prove the predicate that justifies it.' *Sharkey v. Ultramar Energy Ltd.*, 70 F.3d 226, 230 (2d Cir. 1995); *see also Nichols*, 406 F.3d at 108 (noting the 'administrator had the burden of proving discretion'). *Halo v. Yale Health Plan*, No. 14-4055, 2016 WL 1426291 (2d Cir. April 12, 2016).

Under the *Halo* holding, and based on the fact that Defendants failed to comply with the applicable regulation, Plaintiff's claim should now be reviewed *de novo*. Again, Defendants fail to offer parallel case law. Defendants offer *Davenport*, but its facts are divergent from the case at bar. In *Davenport*, the employee was an independent contractor who was never entitled to the benefit plan. *Davenport v. Harry N. Abrams*, 249 F.3d 130 (2d Cir. 2001). Moreover, unlike here, Davenport never took a "concrete step to explore benefits" until after her tenure with the Defendant employer ended. *Id.*

In contrast to Defendants' arguments, Plaintiff's claim is analogous to *Halo* because she became eligible to participate in the Plan after working for Defendants for the requisite time period. In addition, and as discussed *supra*, she complied with the language of the plan by discussing her eligibility with individuals vested with the authority of the Administrator specifically, Mr. Levy and Mr. Green. Under the *Halo* holding, it is the defendant who has the burden to maintain a plan

that comports with the applicable federal regulations under ERISA. In this situation, Defendants failed to provide a detailed claims-procedure regulation. As a result, it is now appropriate for the claim to be reviewed *de novo* by this Court.

## B. Futility Has Been Established

Although Defendants allege Plaintiff has not established futility, this is simply incorrect. Defendants cite to *Barnett*, where the Court held, "the futility exception excuses the plaintiff from clearly unproductive efforts because no further purpose would be served by requiring further exhaustion." *Barnett v. Int'l Bus. Machines Corp.*, 885 F.Supp. 581, 588 (S.D.N.Y.1995). As explained above, and in the Amended Complaint, Plaintiff properly requested benefits. *See* Amended Complaint, ECF Doc. 32 ¶ 126. Based on the language of the Plan, Plaintiff was not obligated to file a written claim. Instead, she became eligible, as a management employee, after successful completion of 15 years of employment. She also took affirmative steps by discussing her eligibility with individuals vested with the authority of an Administrator. In contrast, Defendants failed to submit a formal written denial, as required by the Plan, which contributes to the lack of an administrative record.

Moreover, during oral argument, Defendants urged the Court to stay the case "pending the completion of the administrative review process." Tr. 27, 13-16. However, Defendants also revealed <u>that at no point will the Plaintiff will not be put into the Plan</u>. *Id.* at 16-21 (emphasis added). This admission clearly illustrates the futility of further administrative remedies. Simply put, it is illogical to force Plaintiff to develop a record only to benefit Defendants based upon Defendants' position. The futility exception should apply because Plaintiff properly filed a claim. Plaintiff has made "a *clear and positive showing* that pursuing available administrative remedies would be futile." *Davenport v. Harry N. Abrams, Inc.*, 249 F. 3d 130, 133 (emphasis in original)

(quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir.1993)). Consequently, Defendants' arguments regarding futility are without merit and should be dismissed in their entirety.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss Count IV of Plaintiff's Amended Complaint should be denied in its entirety. Plaintiff has established her eligibility as well as her right to benefits under the Plan. Furthermore, under the *Halo* holding, Plaintiff is entitled to have her claim reviewed *de novo* by this Court.

Dated:   Bohemia, New York
         June 15, 2016

By:
                                    ZABELL & ASSOCIATES, P.C.
                                    *Attorneys for Plaintiff*

                                    _____
                                    SAUL D. ZABELL, ESQ.
                                    One Corporate Drive, Suite 103
                                    Bohemia, New York 11716
                                    Tel.:   (631) 589-7242
                                    Fax.:   (631) 563-7475
                                    szabell@laborlawsny.com

## CERTIFICATE OF SERVICE

I certify that on June 15, 2016, I filed in this action the foregoing **MEMORANDUM OF LAW SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT** electronically via the Court's ECF System. Notice of this filing will be sent in this action by operation of the Court's electronic system to all counsel of record in the ECF System.

Respectfully Submitted,

ZABELL & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: _____
SAUL D. ZABELL, ESQ.
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax.: (631) 563-7475
szabell@laborlawsny.com